Leach, &c. v. Duvall and wife.

CASE 39—PETITION EQUITY—SEPTEMBER 28.

# Leach, &c. v. Duvall and wife.

APPEAL FROM BULLITT CIRCUIT COURT.

1. CONVEYANCE BEFORE MARRIAGE IN FRAUD OF MARITAL RIGHTS.—
The conveyance of the whole or a valuable part of his estate by the intended husband without the knowledge of his intended wife, after the agreement to marry had been entered into, and upon the eve of its consummation, must be regarded in equity as a fraud on her marital rights, and consequently not binding on her. (McAfee v. Ferguson, 9 B. Monroe, 475; Roper on Husband and Wife, 163.)

2. Ten days before the marriage, without the knowledge of the intended wife, and after the agreement to marry had been entered into, the intended husband conveyed land to his children by a former marriage in consideration of natural love and affection. *Held*, that such a voluntary conveyance was binding on the husband, but that it was a fraud upon the marital rights of the wife, and inoperative and void so far as it might operate to.deprive her of her potential right of dower in the land so conveyed; that the grantees are entitled to the land subject to her prospective rights aforesaid.

3. WANT OF CAPACITY AND UNDUE INFLUENCE.—See opinion for facts of a case on which the court refused to set aside a conveyance of land on these grounds.

A. H. FIELD, . . . . . . . . . . . . . For Appellant,

CITED

14 B. Monroe, 430, Lloyd's adm'r v. McCauley's adm'r.
Civil Code, sections 80, 389.
Revised Statutes, 2 Stanton, 167.

R. H. FIELD, . . . . . . . . . . . . . For Appellees.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

Appellee, Lewis Duvall, then being a widower, on the 28th of March, 1859, conveyed to his son, Dennis Duvall, for natural love and affection, during his life, the farm on which the said Dennis then lived, supposed to contain one hundred acres, and at his death the land was to go to his sisters, Letitia Leach and Cassandra Napper, and their children. In the same deed, and for the same consideration, he conveyed to Mrs. Leach and Mrs. Napper one hundred and fifty acres of land off the upper end of his tract, next to the land of Henry Younger, reserving to himself, however, a life-estate in the last-named tract.

On the 7th of April, 1859, just ten days after the execution of said deed, said Lewis was married to appellee Rhoda, then a widow lady.

The deed was acknowledged before the clerk of the Bullitt County Court by the grantor (he residing in said county), and lodged for record the same day it bears date.

Leach, &c. v. Duvall and wife.

This suit in equity was brought by Duvall and wife on the 10th of May, 1867, to set aside said deed, on the ground of want of capacity of the grantor at the date of the instrument to make a valid deed; the undue influence exercised and illegal means resorted to by Lewis Leach, the husband of Letitia Leach, to procure its execution, and lastly that it was executed in fraud of the marital rights of appellee Rhoda. The court below canceled and set aside the deed, and Leach and wife and others have appealed.

The evidence taken to establish the incapacity of the grantor consists mainly of the opinions of witnesses in affirmative answers to interrogatories suggestive of the answers desired, and without any satisfactory statement of facts upon which their opinions are formed. On the other side it is shown that the grantor was possessed of considerable estate, which he had accumulated by his own skill and industry; and while an attempt is made to show that his thrift was attributable mainly to the prudence and management of his first wife, still it is very evident that she was instrumental *only* as a judicious wife in aiding him in his efforts to accumulate, and that his success was the result of his own energy, thus assisted by his wife.

As to the alleged undue influence exercised by Leach, the conveyance to Mrs. Leach and her sister is in accordance with the oft-repeated declarations of Lewis Duvall, made through a series of years in the presence of various persons, when neither Leach nor either of the beneficiaries was present, and when he was entirely free from the influence of liquor. It is true that Leach did apply to the attorney to prepare the deed; but the attorney and the other subscribing witness both swear that the old man was sober when he executed the deed, that he understood the business he was engaged in, and that he executed it voluntarily; and there is no evidence of any improper influence exercised over him

by Leach to procure the deed to be executed then or at any other time.

It only remains to consider whether the deed was made in fraud of the marital rights of Mrs. Duvall, and if so what effect is to be given to it, etc.

It was made after the treaty of marriage between Duvall and wife had commenced, and after they had agreed to consummate it; Mrs. Duvall knew nothing of the deed when she married him. In McAfee v. Ferguson, 9 B. Monroe, 475, this court said: "The general principle is that deception and fraud will be inferred if after the commencement of the treaty for a marriage the wife should attempt to make any disposition of her property without her intended husband's knowledge or concurrence; and such disposition of her property, if merely voluntary, will not be binding on her subsequent husband." (Roper on Husband and Wife, 163.)

In the case referred to the wife had conveyed her slaves and some choses in action to her brother for the sole use of herself and of a daughter by a former marriage; and the marriage would have the effect to give to the husband all the personal property of the wife in her possession at the time of the marriage; and, being thus entitled, the husband's right to have the deed set aside, made in fraud of his rights, would be immediate and direct; while in this case the right of the wife is remote and contingent, depending upon her surviving her husband.

When Mrs. Duvall married Lewis Duvall he was in possession of the one hundred and fifty acres of land conveyed to his daughters, and she no doubt believed he was the owner thereof; indeed there is no reason shown why she could doubt it; and if she married him, the land would afford them both a comfortable support during their joint lives, and if she survived him, she would be endowed of one third of all the land, unless she voluntarily parted with that prospective right, which

dower interest would secure her the necessary comforts during her life. These were just and reasonable expectations, and a conveyance of the whole or a valuable part of his estate without her knowledge, after the agreement to marry had been entered into, and upon the eve of its consummation, must be regarded in equity as a fraud on her marital rights, and consequently not binding on her.

But as the deed was voluntarily made by Lewis Duvall, and he had at the time sufficient capacity to fully understand the business in which he was engaged and the rights with which he parted, as between him and the grantees it is operative and binding.

The judgment must be therefore reversed, and the cause remanded with directions to the court below to render judgment in favor of appellee, Rhoda Duvall; that said deed is a fraud on her marital rights, and so far as it might operate to deprive her of her potential right of dower in the lands therein embraced is inoperative and void; but that said grantees in said deed will be entitled to the land subject to her prospective rights aforesaid; and that each party must pay their own costs in the court below and in this court.