ALICE FANNESSEY *v.* EDMOND FANNESSEY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—328.]

**Estoppel to Defeat Dower.**

 Neither the husband guilty of alleged fraud or those claiming under him as volunteers, or who accept conveyances from him with knowledge that they were made for a fraudulent purpose, can be heard to say that the husband was not seized of the land during coverture, in order to defeat the wife's claim to dower.

APPEAL FROM KENTON CHANCERY COURT.

October 23, 1880.

OPINION BY JUDGE COFER:

In *Hobbs v. Blandford,* 7 T. B. Mon. 469; *Petty v. Petty,* 4 B. Mon. 215; *McAfee v. Ferguson,* 9 B. Mon. 475; *Leach v. Duvall,* 8 Bush 201, and *Cheshire v. Payne,* 16 B. Mon. 618, this court has announced the general doctrine that facts such as are set out in the petition in this case entitle the defrauded husband or wife to relief. These facts make out a *prima facie* case, and if there be any other facts which rendered that legal which, on the statements of the petition, is fraudulent and illegal, they should be pleaded by way of defense.

Neither the husband who was guilty of the alleged fraud, or those who claim under him as volunteers, or who accepted conveyances from his with knowledge that they were made for the fraudulent purpose charged, can be heard to say that the husband was not seized of the land during coverture, in order to defeat her claim to dower. For the purpose of this case the fraudulent seizin of the grantees was the seizin of the husband. As well might a fraudulent grantee set up the champerty law against a creditor of the grantor who had disregarded the fraudulent deed and levied on the property as the property of the debtor.

Judgment *reversed* and cause remanded with directions to overrule the demurrer and for further proper proceedings.

Simmons & Schmidt, for appellant.  L. J. Blakely, for appellees.