MARY E. DEKE, Appellant, vs. IDA HUENKEMEIER et al.
Appellees.

*Opinion filed October 28, 1913.*

HUSBAND AND WIFE—*extent to which deed in fraud of marital
rights may be set aside.* A voluntary deed to the grantor's daugh-
ter, made by the grantor on the eve of a second marriage, without
knowledge of the intended wife, will be set aside to the extent of
the wife's inchoate right of dower; but the mere possibility that
the wife may acquire some other rights in the future, such as the
right to alimony, separate maintenance, widow's award, etc., does
not justify setting the deed aside absolutely, whatever may be the
rule if such rights have already come into existence.

APPEAL from the Circuit Court of Stephenson county;
the Hon. ARTHUR H. FROST, Judge, presiding.

R. R. TIFFANY, and PATTISON & SHAW, for appellant.

R. K. WELSH, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Appellant, Mary E. Deke, filed a bill in the circuit court
of Stephenson county for the purpose of setting aside a con-
veyance of real estate made by her husband, Joseph Deke,
to Ida Huenkemeier, his daughter by a former marriage.
The bill alleges that appellant and Joseph Deke became en-
gaged to marry on June 18, 1905; that prior to said mar-
riage Deke had represented to appellant that he was owner
of a large quantity of real estate valued at $25,000 and pos-
sessed an income therefrom of $1800 annually; that Deke
often pointed out his houses to her before their marriage
and showed her eighteen houses that he claimed to own,
and told her frequently before their marriage that he would
provide her with a better home and ample support, and the
bill alleges that these promises were believed and relied up-
on by appellant in accepting the proposal of marriage with

said Deke. The bill further alleges that after the engagement was entered into, and without the knowledge of appellant, said Deke conveyed all his real estate to appellee Ida Huenkemeier by warranty deed, which said deed was voluntary, without any consideration, and made for the purpose of defrauding appellant out of her marital rights in the property of Deke. Ida Huenkemeier and her husband, Henry, and Joseph Deke, were made parties defendant to said bill. Deke was defaulted, but the other two defendants answered the bill and denied all of the material allegations. The cause was referred to a master in chancery, who took the evidence and reported, finding that the allegations of the bill were true and that appellant was entitled to relief, and recommending a decree setting aside the deed in so far as the same might bar appellant's inchoate right of dower but sustaining the deed in all other respects as between the parties thereto. The cause was heard in the circuit court upon exceptions to the master's report, none of which were sustained. The final decree of the court was in accordance with the findings of the master. Complainant below has prosecuted an appeal, and assigns for error the refusal of the court below to grant her full and adequate relief by setting aside the deed and re-investing the title to the real estate in her husband. Appellee Mrs. Huenkemeier has assigned cross-errors, by which she questions the right of appellant to any relief whatever.

We fully agree with the court below that the evidence sustains appellant's bill, and that the conveyance by Deke of all of his real estate to his daughter without consideration, after the contract to marry appellant had been entered into, was in fraud of appellant's marital rights. The cross-errors assigned by appellee Mrs. Huenkemeier, which questioned the right of appellant to any relief whatever, cannot be sustained. What appellant's marital rights are in respect to the real estate fraudulently conveyed by her husband is a question which does not appear to have been

directly passed on in this State and upon which authorities in other States are in conflict. This court has several times announced the general doctrine that a man cannot convey, by way of gift, his real estate on the eve of his marriage without the consent of his intended wife, and thus deprive her of the rights of a wife in the real estate thus conveyed. (*Freeman* v. *Hartman,* 45 Ill. 57; *Clark* v. *Clark,* 183 id. 448; *Daniher* v. *Daniher,* 201 id. 489; *Jones* v. *Jones,* 213 id. 228; *Higgins* v. *Higgins,* 219 id. 146; *Blankenship* v. *Hall,* 233 id. 116; *Dunbar* v. *Dunbar,* 254 id. 281.) In some of the foregoing cases the bills were filed to have dower assigned to the widow after the death of the husband, and in others the only right claimed in the premises alleged to have been fraudulently conveyed was the inchoate right of dower. Such bills have been looked upon as analogous to creditors' bills, and in *Higgins* v. *Higgins,* *supra,* this court held that a wife whose husband had conveyed his real estate with intent to defraud her of her marital rights was within the protection of the statute against conveyances made with intent to hinder and delay creditors. In the case at bar appellant insists that she is entitled to something more than the establishment of her inchoate right of dower, which, under the decree appealed from, will amount to nothing unless she survive her husband.

Appellant calls attention to possible contingencies under which her position would be much better if the deed to Mrs. Huenkemeier were set aside absolutely and the title declared to be again vested in her husband. She points out the possibility of her husband abandoning her under such circumstances as to entitle her to separate maintenance or a divorce with alimony, and it is argued that the amount of her allowance in both of such contingencies would be greater if her husband owned this real estate than if he had none of it. Attention is also called to the law which allows the widow an award and makes the same a debt

against the estate of her deceased husband, to pay which his real estate may be sold, and it is argued on her behalf that her right to separate maintenance, alimony, and to have her award paid out of the real estate, as well as her right to bind her husband's estate for her necessaries under certain contingencies, are all marital rights of which she has been deprived by the fraudulent conveyance, and it is strenuously contended that the court erred in limiting her relief to her inchoate right of dower and in denying to her such rights and benefits as would accrue to her by setting aside the conveyance absolutely and declaring the title to be re-invested in her husband.

Appellant's contention is not without the support of respectable authorities in other jurisdictions. Thus, in *Goff v. Goff,* 60 W. Va. 9, (53 S. E. Rep. 769,) the Supreme Court of West Virginia held that a voluntary conveyance of all of his real estate, made by a man in contemplation of marriage, without the knowledge of his intended wife, was in fraud of the wife's right of dower, and after marriage circumstances having arisen which gave the wife the right to alimony, the court held that the conveyance should be set aside and the land subjected to the payment of her alimony. In the reasoning of the court the right of the wife to dower and her right to alimony are treated as upon an equality, and it is said that the wife's right to have the fraudulent conveyance set aside to secure her in her right to alimony is as important and sacred as her right to dower. Appellant's contention is also supported, to some extent, by a Colorado case, *Fahey v. Fahey,* 18 L. R. A. 1147, and a Kentucky case, *Botts v. Botts,* 74 S. W. Rep. 1093. None of these cases, however, go to the extent of declaring a voluntary conveyance made by a man prior to his marriage fraudulent, in anticipation that the wife might some time in the future become entitled to alimony or separate maintenance or other statutory right against her husband. In those cases the contingency giving rise to the wife's right

had happened. Thus, in the West Virginia case the alimony had been allowed, and in the Colorado case a decree awarding the wife $30 a month in her suit for separate maintenance, and attorneys' fees, had been entered, and in both cases the conveyances made before marriage were set aside and the land subjected to the payment of these charges. In the case at bar the parties are living together as husband and wife. There is no suit pending for divorce and alimony or separate maintenance, and so far as this record shows no cause exists why any such suit should ever be brought. Under these circumstances the court would not be warranted in setting aside a conveyance to protect rights the existence of which in the future depends on so many uncertainties. The rule is well nigh universal that upon a bill filed by creditors to set aside a fraudulent conveyance the decree only adjudges the conveyance void as against the creditor alleged to be delayed or defrauded. In all other respects and as between all other parties the conveyance is upheld. (*People* v. *Keithley*, 225 Ill. 30, and cases there cited.) This same principle has generally been applied by courts to bills filed by a wife to set aside conveyances made in fraud of her marital rights. The only right a married woman has in her husband's real estate is the inchoate right of dower. This right arises in her favor whenever there is a concurrence of seizin in the husband and coverture. She cannot be divested of it by any act of her husband. This is the only right that she acquires in her husband's real estate by entering into the marriage relation. This she has a right to expect, and it is to protect this right that courts of equity have declared fraudulent secret and voluntary conveyances made by the husband on the eve of marriage.

The Supreme Court of Wisconsin, in *Dudley* v. *Dudley*, 8 L. R. A. 814, in discussing this question said: "We shall see hereafter that the only expectation she could have was of dower. For this object, alone, could the deed

be declared fraudulent and void under any circumstances. Charles Dudley had the same right to convey the fee before as after the marriage. * * * When the deed was made she could have had no expectation of the enjoyment of the remainder vested in her husband, because that would depend upon too many contingencies. Her husband could have conveyed the fee after marriage as well as before, and have defeated any right she might have had in it, except her dower. Charles L. Dudley is dead, and now the plaintiff would claim that if the fee as a remainder had not been conveyed by him to the defendant she would be entitled to inherit it as his sole heir-at-law. But this she did not know, and none of the parties knew, when that deed was made. At that time she had no reason to expect but that Charles Dudley would live, and, peradventure, convey the fee of the homestead or of the other lots. It is her dower right, only, that she lost by this ante-nuptial deed, and that is all she could recover in this case, under any circumstances. The leading case in this country on this question is that of *Chandler* v. *Hollingsworth,* 3 Del. Ch. 99. In that case the chancellor says 'that such a conveyance will be set aside * * * when it is in fraud of some legal right and one existing at the time. * * * Its validity cannot be held in suspense, to be determined by future contingencies. This would subject titles to distressing uncertainty. * * * He [the husband] could, after marriage, have effectually disposed of his whole personal estate, and of the inheritance of his real estate, by just such a deed.' The chancellor shows conclusively, both on principle and by authority, that the deed in such a case can be set aside only as to the intended wife's right of dower. There is a note appended to this case, of approvals of many legal publications and text book authors, and the decision has never been disapproved. (3 Washburn on Real Prop. 359; 2 Bishop on Married Women, sec. 353; *Youngs* v. *Carter,* 10 Hun, 194.) Nothing, therefore, can be recovered in

such a case except the plaintiff's right of dower, and no relief except to set aside the deed only to save that right. The deed is not wholly void. It is void only in respect to the plaintiff's right of dower.—*Chandler* v. *Hollingsworth, supra,* and other cases cited in appellant's brief."

The case of *Thayer* v. *Thayer,* 14 Vt. 119, (also reported in 39 Am. Dec. 211,) involved the question now under consideration, and in that case the relief was limited to a removal of the conveyance to enable the wife to have her dower. See to the same effect, *Stroup* v. *Stroup,* 140 Ind. 179; 39 N. E. Rep. 864; 27 L. R. A. 523; *Leach* v. *Duvall,* 71 Ky. 201; *Cranson* v. *Cranson,* 4 Mich. 230; *Brown* v. *Bronson,* 35 id. 415; *Smith* v. *Smith,* 6 N. J. Eq. 515; *Swaine* v. *Parine,* 5 Johns. Ch. 482; 9 Am. Dec. 318; *Pomeroy* v. *Pomeroy,* 54 How. Pr. 228; *Babcock* v. *Babcock,* 53 id. 97; *Brooks* v. *McMeekin,* 37 S. C. 285; *Petty* v. *Petty,* 4 B. Mon. 215; 39 Am. Dec. 501.

Even if appellant's contentions were sustained and the deed should be set aside absolutely and the title re-invested in her husband, we do not see how it could be kept in him without enjoining him from future transfers of it. The law is well settled that a husband may convey his real estate without his wife joining him, and if there be no homestead the conveyance will vest the grantee with a fee simple title, subject only to the dower of his wife, should she survive him. If this conveyance be set aside in order to protect her contingent rights to alimony, separate maintenance, and the like, in order to guarantee a continuance of those rights the power to alienate by the husband must be restrained. The right of appellant to thus tie up her husband's real estate is no greater than that of any other married woman. It would be absurd to ask a court of equity, at the suit of a wife, to enjoin her husband from selling or mortgaging his real estate, on the ground that the wife might in some possible contingency want to file a bill for separate maintenance or for alimony against him

and the land would be required to satisfy her decree. We think, both upon reason and authority, that the court below properly limited its decree to protecting appellant in her inchoate right of dower.

The decree of the circuit court of Stephenson county will be affirmed.                          *Decree affirmed.*