### CONNELLY v. FORD.

CANCELLATION OF INSTRUMENTS—DEEDS — FRAUD — HUSBAND AND WIFE.

On a bill for the cancellation of a certain deed as being in fraud of a prospective wife's rights, evidence that plaintiff's husband received the land in question by his father's will, that one month after the will was probated he deeded it to his mother, and that said deed was recorded the day before his marriage to plaintiff, who had lived with him for 11 years and until his death, *held*, insufficient to make a case calling for the intervention of a court of equity; the record not disclosing that no consideration passed from the mother to the son, or that his being the owner of the land for about a month influenced the engagement in the least.

See note in 48 L. R. A. (N. S.) 512.

Appeal from Wayne; Sullivan, J., presiding. Submitted June 4, 1918. (Docket No. 26.) Decided July 18, 1918.

Bill by Edith Connelly against Nellie Ford and another to set aside a deed. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Campbell, Dewey & Stanton,* for plaintiff.

*Chawke & Sloan,* for defendants.

MOORE, J. The bill in this case was filed for the purpose of having a deed declared void. From a decree dismissing the bill of complaint the case is brought here by appeal.

John P. Connelly was the son of Martin Connelly and Sarah Connelly. Martin Connelly died prior to December 9, 1903. His will was duly probated. By the terms of the will certain real estate in Detroit came to John P. Connelly. One month after the will was probated John P. Connelly made a deed of the real estate involved in this proceeding to his mother. This deed was acknowledged January 8, 1904, and was placed on record in the office of the register of deeds January 11, 1904. January 12, 1904, the plaintiff married John P. Connelly and lived with him until his death in the year 1915. One daughter was born to them. Sarah Connelly survived John P. Connelly and died a few months thereafter, leaving a will in which she devised the real estate John P. deeded to her to her daughters, the two defendants herein. It is the deed of January, 1904, which it is sought to have set aside by this proceeding commenced June 2, 1916.

The claim is made this suit was begun shortly after plaintiff knew of the existence of the deed.

The case was heard in open court. The chancellor was of the opinion plaintiff had failed to make a case and the result as before stated followed.

We cite from the brief of appellant's counsel:

"The courts have always guarded and protected the wife's rights in a case of this kind. The rule was first laid down in this State in *Cranson* v. *Cranson*, 4 Mich. 230. The *Cranson Case* was a bill of equity by the widow to recover dower in a deed of lands conveyed by the deceased husband to his sons in fraud of her marital rights. The conveyance was made secretly on the eve of marriage and not delivered or recorded until after coverture. The deed was held not to debar complainant of dower 'because (had it been delivered at its date) its execution was fraudulent as to the complainant, being executed secretly for the purpose of cutting off her dower which would be in fraud of law, and in fraud of her rights accrued directly on the marriage. See *Swaine* v. *Perine*, 5 Johns. Ch. (N. Y.) 482; *Littleton* v. *Littleton*, 1 Dev. & Bat. (18 N. C.) 327; *Killinger* v. *Reidenhauer*, 6 Serg. & Raw. (Pa.) 531.' Opinion, page 235.

"A deed made secretly and without consideration by a man two days before his marriage, of all his property to his children by a former wife, to prevent any dower interest attaching, is held to have operated as a legal fraud upon the woman he was about to marry; and the fact that the deed was given to carry out a previous purpose, which is concealed from the intended wife and from the public, and not brought to light till after the death of the grantor, will not deprive the transaction of its fraudulent character. *Brown* v. *Bronson*, 35 Mich. 415. See, also, *Greiner* v. *Klein*, 28 Mich. at pages 15 and 16.

"Even before marriage, if a prospective husband transfers his property with the intention to defeat his intended wife of her rights of dower or of any other interest she might have as his wife in his property, such transfers are generally in equity a fraud upon the marital rights of the wife." 21 Cyc. page 1156. Citing other authorities.

A reference to the authorities cited will show they are easily distinguishable from the instant case.

The important questions are not questions of law so much as questions of fact. It has already appeared

the deed was made and placed of record before the marriage of the plaintiff to Mr. Connelly. If the testimony, which is incompetent under the statute because the lips of the other party interested are sealed in death, is eliminated, there is no such evidence as would justify setting aside a deed to real estate. The deed itself does not appear in the record. Unless the mere fact of making the deed without telling the woman who afterwards became his wife, of his purpose to do so establishes an ulterior purpose, it is not established. The record does not disclose that no consideration passed from Mrs. Connelly to her son. It is not shown when Mr. Connelly and the plaintiff became engaged, or that his being the owner of this real estate for about a month influenced the engagement in the least. The least that can be said of the case of the plaintiff is that she has failed to make a case calling for the intervention of a court of equity.

The decree is affirmed.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.