(No. 12251.—Reversed and remanded.)
MARY E. DEKE, Appellant, vs. IDA HUENKEMEIER, Appellee.

*Opinion filed June 18, 1919—Rehearing denied October 9, 1919.*

1. DEBTOR AND CREDITOR—*conveyance in fraud of creditors is void only as to the complaining creditor.* All conveyances of any lands, goods or chattels made for the purpose of delaying or defrauding creditors or other of their actions or debts are void only as against such persons and their representatives as may be so delayed or defrauded and should not be set aside as between the parties who are equally guilty of the fraud.

2. HUSBAND AND WIFE—*wife defrauded by husband's deed can not set it aside as his residuary devisee.* Where a husband makes a conveyance in fraud of his future wife's marital rights the wife acquires no interest in the property as his residuary devisee and will not be entitled to have the deed set aside absolutely, without showing that previous to the conveyance she had, by a binding contract with the grantor or otherwise, acquired a right to have the property conveyed to her.

3. SAME—*when former decree limiting relief to present rights is not res judicata of subsequent bill.* A judgment or decree will not take effect upon rights not then existing, and where a wife is defrauded of marital rights by her husband's conveyance before marriage, a decree declaring the deed to be subject to her inchoate right of dower will not bar a subsequent suit by her, after the husband's death, to have the deed declared subject to her claim for widow's award, even though such decree denied her premature claim for relief as against her possible future right to alimony or widow's award.

4. SAME—*what rights are protected against a conveyance in fraud of marital rights.* Rights which will be protected against a conveyance intended to defraud a future wife of her marital rights are those rights which are guaranteed by law and which cannot be defeated by will, such as dower, homestead and the widow's award, and may also include separate maintenance or alimony when such a right has accrued by reason of the misconduct of the husband.

5. SAME—*rights as heir or devisee are not protected against a conveyance in fraud of marital rights.* The right of a husband or wife who takes property as devisee or heir of the other is not protected against a conveyance in fraud of marital rights, in the absence of some agreement or obligation that renders such a conveyance a fraud or otherwise inequitable.

6. SAME—*conveyance in fraud of marital rights places wife in position of defrauded creditor.* Where a husband makes a conveyance before marriage with intent to defraud his wife of her marital rights the wife stands in the same position as a defrauded creditor, and the law gives to her the same protection as to a creditor to the extent of such rights.

7. SAME—*when fact of fraud is established under doctrine of estoppel by verdict.* A former decree declaring a deed to be subject to the inchoate right of dower of the grantor's wife on the ground that the deed was made in fraud of her marital rights, will, under the doctrine of estoppel by verdict, establish the fact of the fraudulent conveyance in a subsequent suit to have the deed declared subject to the widow's award.

8. RES JUDICATA—*when a judgment or a decree is conclusive.* Where the court has jurisdiction and renders a final decree or judgment, which is affirmed by the Supreme Court, the same is conclusive upon the parties although the decree or judgment may be erroneous.

9. SAME—*what determines whether a matter is res judicata.* In ascertaining whether a particular matter has become *res judicata* the reasoning of the court is less regarded than the judgment or decree itself and the premises which it necessarily affirms, and to render a matter *res judicata* the judgment must proceed from a court having jurisdiction, and the action must be between the same parties and for the same purpose.

APPEAL from the Circuit Court of Stephenson county; the Hon. JAMES S. BAUME, Judge, presiding.

R. R. TIFFANY, and DOUGLAS PATTISON, for appellant.

ROBERT A. HUNTER, and FISHER, NORTH, WELSH & LINSCOTT, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant, Mary E. Deke, filed her amended bill against appellee, Ida Huenkemeier, October 17, 1917, in the circuit court of Stephenson county, to set aside a certain fraudulent deed of her deceased husband, Joseph Deke, to appellee, his only child, dated July 31, 1905, as a cloud on her title to the real estate therein described, which she claims as his devisee, or, in the alternative, to have appellee declared to hold said real estate as trustee and to have it subjected to

the payment of appellant's award as widow and to the payment of the legacies mentioned in her husband's will and the claims allowed against his estate. The court sustained appellee's demurrer to the bill, and on appellant's election to stand by her bill, entered a decree dismissing it for want of equity.

The principal question presented for our decision is the claim of appellee that appellant is barred in this suit by a former decree of the circuit court on a similar bill between these same parties, and to which Joseph Deke, and Henry Huenkemeier, then husband of appellee, who are both dead, were made parties defendant. The bill filed in that case was filed for the purpose of setting aside said deed on the ground that it was without consideration and made with intent to defraud appellant out of her marital rights in the property of Joseph Deke. The court found for this appellant, and that for the purpose of defrauding Johanna Reichel out of any judgment which she might recover against Joseph Deke in her suit for damages for an alleged breach of promise of marriage then pending in said court and for the purpose of preventing appellant from obtaining any interest in the property in case she should become his wife, he made said deed without consideration, and that appellee persuaded him to make the deed and accepted it for the same fraudulent purposes; that the appellant afterwards married Deke upon his representation to her that he owned all of said property, of the estimated value of from $25,000 to $35,000, and that she believed the same to be true, etc. The court further found and decreed that appellant was entitled to her inchoate right of dower in said premises, and that in case she survived him and should demand it she should have and be entitled to dower, provided she should not previously release, convey or forfeit the same in any manner; that said lands be and they are charged with her said rights, and that, subject to the right of dower, the conveyance to appellee continue in full force and effect as between

appellee and her father and grantor. That decree was affirmed by this court on the appeal of this appellant, and cross-errors were assigned by the appellee, as will appear in *Deke* v. *Huenkemeier,* 260 Ill. 131, to which reference is here made for a more complete statement of the case and the holdings therein by this court. The bill now before us alleges all the averments of the former bill, and with it, and made a part thereof as exhibits, are filed copies of the first bill, of the deed, the answers to the first bill, the master's report, objections to the report and the exceptions, the first decree of the circuit court, the decision and opinion of this court affirming the decree, and a copy of the will of Joseph Deke, to which no reference was made in the former suit. The bill then sets up the allegations under which appellant bases her new claims, the death of her husband January 5, 1917, the probating of his will and the allowance of her award of $2000; that subject to two legacies of $500 each bequeathed to appellee's children, Fern and Earl Huenkemeier, and subject to his debts and funeral expenses, Deke devised and bequeathed to appellant all the residue of his estate, of every kind and nature, of which he might die seized or possessed or to which he might be entitled or may be found to be entitled; that there is no property or funds left by deceased to pay the award, and that it cannot be paid unless the real estate so deeded is subject to the payment thereof; that at no time after their marriage did the testator own more than $150 worth of property, real or personal, other than the lots so deeded, and that appellee procured her father to execute, and that he executed, said deed with the intent to defraud appellant of all her marital rights and of all other rights she might acquire in said lots, etc.

All questions of *res judicata* and estoppel by verdict argued by both parties are properly presented by the bill and the demurrer, and that is conceded. *Hofmann* v. *Burris,* 210 Ill. 587.

The claim of appellant that she is entitled to have the deed of Joseph Deke to appellee declared absolutely void and the fee simple title to said lots vested in her as devisee of her husband, subject only to the payment of the legacies, debts, etc., cannot be sustained in any view of this case. It has been many times declared by the decisions of this court that all conveyances of any lands, goods or chattels, had or made of purpose to delay or defraud creditors or others of their actions or debts, shall be taken, only as against such persons and their representatives as shall or might be so delayed or defrauded, to be utterly void. As between the parties to such a fraudulent conveyance who are equally guilty of the fraud, the decree setting aside such a deed should merely declare it void as to the complaining creditor and should not set it aside as between the parties. (*People* v. *Keithley,* 225 Ill. 30.) The same rule applies in cases where the wife is defrauded of any of her marital rights and seeks to have the conveyance set aside for such fraud, and it was so held in the former case of *Deke* v. *Huenkemeier, supra,* and it was decided and held as the law of the case. Joseph Deke after that fraudulent deed never had any interest that he could assert, convey or devise by will, and no subsequent grantee or legatee or devisee or heir, merely as such, could take or have or successfully assert, as such, any interest in such lands or lots. Appellant, as such devisee, acquired no more right or interest therein than would any other devisee.

On appellant's first appeal she made the claim that she was entitled to have the deed in question set aside absolutely, so as to bind the real estate for her necessaries as a wife, which she insisted was one of her marital rights, and also for the purpose of enhancing and protecting her future contingencies for separate maintenance, alimony and award as a widow, in case any such claims should actually arise and be established. This court held that she was only entitled to have the deed set aside as to her then existing rights, and was not entitled to have it set aside to secure to her

her necessaries or support as a wife or to have the deed set aside absolutely to protect any future claim that might arise or come into being. In other words, her right was held to be analogous to any other creditor's right, and that no character of claim then existing or that might thereafter accrue could then, or at any time thereafter, give her the right to have such deed absolutely set aside. That is the law of this case now, without regard to the question whether or not the lower court and this court held correctly or erroneously. Where the court has jurisdiction and renders a final decree or judgment the same is conclusive upon the parties after it has been affirmed by this court; and this is so although the decree or judgment may be erroneous. (*Graceland Cemetery Co.* v. *People,* 92 Ill. 619.) The deed, as between the parties thereto, is still in full force and effect. The former decree so declares and that it shall so continue, and every party to that decree is bound by it. And if no such suit had ever been brought and this suit were appellant's first suit, it is absolutely clear, under the law, that as a devisee, legatee or subsequent grantee she could not successfully maintain any bill to set the deed aside absolutely, without a showing that previous to said deed she had, by a binding contract with the grantor or otherwise, acquired a right to have said lots conveyed to her and that such deed was in fraud of that right. In asserting her claim as a devisee she is asserting no marital or other right out of which she was defrauded.

As to the appellant's right and claim to have by this bill the deed set aside and the real estate subjected to the payment of her award a different question arises. This claim had not accrued to her when the former decree was entered. She was then a married woman,—the wife of Joseph Deke,—not his widow. As was said in the former decision of this court, the only right she acquired by her marriage was her inchoate right of dower in her husband's real estate deeded in fraud of her marital rights. Her

then premature claims which she insisted should be protected as aforesaid, such as separate maintenance, alimony and a widow's award, would amount to nothing unless by reason of misconduct of her husband she should in the future become entitled to separate maintenance or alimony or unless she survived her husband. She was not seeking in the former suit to establish any such a claim, but merely to protect the same, in case any one or more of the claims should accrue, by having the deed absolutely declared void. We cannot, therefore, understand how her present claim · for award is barred by the former decree and the decision of this court affirming the same, by reason of the doctrine of *res judicata* or estoppel by verdict. She was asking for relief she could not have then or at any other time. Even if we may say she was also asking that the land be in some way charged by her contingent claims aforesaid, that was a relief she could not have, and any action or claim she was taking or making was premature and at a time when she had no such accrued right or even a knowledge that she ever would have such. To make a matter *res judicata* the judgment must (1) proceed from a court having jurisdiction, (2) be between the same parties and (3) for the same purpose. (1 Freeman on Judgments, sec. 252; *Markley* v. *People,* 171 Ill. 260.) The former decree is conclusive only as to facts directly and ·distinctly put in issue and the finding of which is necessary to uphold the decree. In ascertaining whether a particular matter has become *res judicata* the reasoning of the court is less regarded than the judgment or decree itself and the premises which it necessarily affirms. (1 Freeman on Judgments, secs. 258, 259.) Under no circumstances will a judgment or decree take effect upon rights not then existing. (1 Freeman on Judgments, sec. 329; 15 R. C. L. 977-982; *Kenealy* v. *Glos,* 241 Ill. 15.) The former decree is no bar to appellant's right of recovery of her award, if such right she has.

It has long been the established law that the husband
and wife each acquire certain marital rights in the other's
property, and that those rights are protected against con-
veyances or other dispositions thereof made with intent to
defeat such rights. Those rights are commonly and gen-
erally understood to be the rights guaranteed to them by
law and such as one cannot bar or defeat by will, such as
dower, homestead and the widow's award under the law
of this State. The ancestor may generally by will exclude
his children entirely from all participation in his estate, but
not his wife. (*Thayer* v. *Thayer,* 39 Am. Dec. 211, and
note.) When the husband or wife takes property by de-
scent or as an heir of the other, such right is not so pro-
tected against such a conveyance in the absence of some
agreement or obligation that renders such a conveyance a
fraud or otherwise inequitable. (*Brinkley* v. *Brinkley,* 128
N. C. 503.) The right of a wife to separate maintenance
and to alimony, when such a right has accrued by reason
of the misconduct of the husband, will, of course, be pro-
tected against such a conveyance when it is made with in-
tent to defeat such a right. (*Botts* v. *Botts,* (Ky.) 74
S. W. Rep. 1093; *Fahey* v. *Fahey,* (Colo.) 18 L. R. A.
[N. S.] 1147.) It has also been held by a court of very
high standing that a conveyance made by the husband be-
fore marriage should be set aside as in fraud of his wife's
alimony rights where such conveyance was kept secret from
the intended wife and not recorded until after the marriage.
(*Goff* v. *Goff,* 60 W. Va. 9.) The wife in all such cases
is considered as in the same position as a defrauded creditor.

In this State the rule is well settled that if a conveyance
is voluntary and without consideration and is made with
intent to defraud of her marital rights any person whom
the grantor should marry, whether she had been selected as
a wife or not, the same may be set aside as to such rights.
With respect to her marital rights the law affords the same
protection to a wife as to a creditor, and a voluntary dis-

position of property made with specific intent to defraud a future wife of her marital rights is void, the same as though made with intent to defraud future creditors. (*Higgins* ·v. *Higgins,* 219 Ill. 146; *Dunbar* v. *Dunbar,* 254 id. 281.) In *Blankenship* v. *Hall,* 233 Ill. 116, this court held that a wife defrauded of her marital rights by such a conveyance was entitled to recover, after her husband's death, her homestead, dower and personal award as widow. The Supreme Court of Indiana held in *Bookout* v. *Bookout,* 150 Ind. 63, that such a conveyance made by the husband after the engagement and before his marriage should be set aside, after his death, as to the widow's right to dower and her lien for $500 allowed her by statute. Appellant in this case, when she was allowed her widow's award, was in a like position to a future judgment creditor with two claims, one due and in judgment and the other in a note and not due, and who had been defrauded by a deed of his debtor made with intent to defraud him. He would have a right to file a bill to set aside the deed as to his first judgment, and when his other claim became due he would have the right to take judgment on the note and file his second bill.

We think that appellant's claim was in no way barred by her former decree and that the learned chancellor was in error in sustaining appellee's demurrer to the bill as to her claim for her award. Appellant's contention, which does not appear to be contested, is correct that for the purposes of this suit the former decree established the fact that the deed in question was made with intent to defraud her of her marital rights or of her widow's award, under the doctrine of estoppel by verdict. *Markley* v. *People, supra; Hanna* v. *Read,* 102 Ill. 596.

The decree of the circuit court is reversed and the cause remanded, with directions to overrule appellee's demurrer to the bill as to the allegations with reference to the widow's award.          *Reversed and remanded, with directions.*