BARTKOWIAK v. BARTKOWIAK.

DOWER—EQUITY—SETTING ASIDE DEED FOR FRAUD.
    Plaintiff who knew of her husband's conveyance of realty to his
    brother, executed eight days prior to their marriage, some 10
    years before commencing suit, after husband's death, to set
    it aside as in fraud of her dower *held*, not entitled to relief.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 5, 1938. (Docket No. 33, Calendar No. 40,153.) Decided December 21, 1938.

Bill by Cecelia B. Bartkowiak against John J. Bartkowiak, John T. Stolpa, administrator of the estate of Joseph W. Bartkowiak, and guardian of Francis and Mary Josephine Bartkowiak, minors, to set aside a deed and for other relief. Cross-bill by defendant Bartkowiak against plaintiff and others for an accounting for use of property and other relief. Cross-bill by defendant Stolpa against defendant Bartkowiak to set aside a deed and for other relief. Decree for defendant Bartkowiak. Plaintiff and defendant Stolpa separately appeal. Defendant Bartkowiak cross-appeals. Affirmed.

*Chester Pietraszewski,* for plaintiff.

*Louis J. Colombo, Jr.* (*Louis J. Colombo* and *Anthony A. Vermeulen,* of counsel), for defendant Bartkowiak.

*John Dysarz* and *Henry C. L. Forler,* for defendant Stolpa.

Potter, J. Plaintiff filed a bill to set aside conveyance made by her husband, now deceased, in his lifetime on or about June 25, 1924, of certain real estate in the city of Detroit, to his brother, upon the ground such conveyance was void and in fraud of the rights of plaintiff, and to establish and declare her dower therein. Defendant Bartkowiak answered, denying all the material allegations in plaintiff's bill of complaint, and filed a cross-bill in which he asked that the court adjudge him to be the owner in fee of the premises; that the sum of $10,706 awarded in condemnation proceedings set forth in plaintiff's amended bill of complaint be turned over to him; and for other relief. From a decree for defendant Bartkowiak on his answer and cross-bill, plaintiff appeals.

One who owns property may, subject to the laws in force in this State, sell and convey the same as he sees fit. Prior to the marriage of plaintiff with her husband he was the owner of the property in question. It stood in his own name and he had a right to dispose of that property when he did dispose of it on such terms and conditions as he saw fit. The right to sell and dispose of property is one of the necessary incidents thereto. Plaintiff's rights, if any, independent of the question of fraud, depend upon the fact that her husband was seized and possessed of the real estate in question at the time of her marriage when her inchoate right of dower vested, which right became absolute upon his death.

"The only right a married woman has in her husband's real estate is the inchoate right of dower. This right arises in her favor whenever there is a concurrence of seizin in the husband and coverture. She cannot be divested of it by any act of her husband. This is the only right that she acquires in her

husband's real estate by entering into the marriage
relation." *Deke* v. *Huenkemeier,* 260 Ill. 131 (102
N. E. 1059, 48 L. R. A. [N. S.] 512, Ann. Cas. 1914D,
290).

Ordinarily, an antenuptial conveyance of real
estate by the owner thereof will defeat the dower of
a wife whom the owner thereof subsequently mar-
ries. *Beckwith* v. *Beckwith,* 61 Mich. 315; *Connelly*
v. *Ford,* 202 Mich. 558; *Noah* v. *Noah,* 246 Mich. 324.

Though the deed from plaintiff's husband to his
brother was made in fraud of her dower, it may not
be set aside except as to her dower interest. It would
be void only in respect to her right of dower and not
wholly void. *Chandler* v. *Hollingsworth,* 3 Del. Ch.
99.

Plaintiff was permitted to testify as to matters
equally within the knowledge of her deceased hus-
band. This testimony was taken subject to defend-
ants' objection and such testimony, if considered,
would have been considered in violation of the stat-
ute prohibiting the survivor from testifying to mat-
ters equally within the knowledge of the deceased.[*]
*Ripley* v. *Seligman,* 88 Mich. 177; *Bailey* v. *Holden,*
113 Mich. 402. Plaintiff's right to recover was
sought to be sustained by her own testimony. The
object and purpose of the statute clearly excluded
her testimony. She could not be permitted to ob-
tain an unequal advantage from her own testimony
upon matters known only to herself and the deceased,
or better known to them than to others, and of which
the deceased could no longer speak. *Wright* v. *Wil-
son,* 17 Mich. 192; *Chambers* v. *Hill,* 34 Mich. 523.

While the testimony of plaintiff was objected to
and excluded, it is contended defendants, by intro-
ducing testimony to controvert it, waived the objec-

---

[*] 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).—REPORTER.

tion thereto. One who has objected to incompetent evidence which tends to prove certain facts does not waive his objection thereto by simply giving evidence to the same points, for he may feel compelled to do so in order to disprove the incompetent testimony. If he did there would be no recourse after such an error had been committed, except to abandon the case, and trust to correction by another tribunal. *Kost* v. *Bender,* 25 Mich. 515.

Plaintiff sought to establish her rights by the introduction of testimony tending to show that, after the deed in question, her husband made statements indicating that he owned the property. When the defendant Bartkowiak placed his deed on record, it thereafter stood as notice to all persons that he claimed to own the premises described therein and his rights could not thereafter be prejudiced by representations made by his grantor or by third persons to which he was in no way privy. *Hedstrom* v. *Kingsbury,* 40 Mich. 636.

Plaintiff also sought to establish her case by testimony of admissions alleged to have been made by her deceased husband in his lifetime. Testimony in relation to such admissions has been frequently considered by the court. In *Johnson* v. *Douglas,* 281 Mich. 247, the cases were reviewed and it was said:

"Testimony of admissions made, or claimed to have been made, in chance or casual conversations is entitled to but little weight. It is the weakest kind of evidence, *Wales* v. *Newbould,* 9 Mich. 45; *Wild* v. *Wild,* 266 Mich. 570; *Hope* v. *Detroit Trust Co.,* 275 Mich. 213; *McInerney* v. *Detroit Trust Co.,* 279 Mich. 42, and testimony tending to establish such admissions should be received with caution; and when such admissions are claimed to have been made by one deceased, this caution should deepen into suspicion. 2 Jones on Evidence, § 295; *Wild* v. *Wild,*

*supra; Hope* v. *Detroit Trust Co., supra; McInerney*
v. *Detroit Trust Co., supra.*"

The deed in question as above stated was made
June 25, 1924, plaintiff and her husband were married July 3, 1924, and her husband died December 25,
1936. Plaintiff testified she had the records in the
office of the register of deeds examined in 1926 and
was informed this property stood in the name of the
defendant Bartkowiak. Later, in ouster proceedings commenced by defendant Bartkowiak in 1933,
plaintiff was present on the trial and heard the testimony of defendant that he was the owner of the
property. So she not only had actual notice of such
ownership based upon an examination of the record
for a period of 10 years, but she was present in court
and heard defendant Bartkowiak assert his title to
the property. She did not institute suit when she
learned of these facts but with full knowledge thereof delayed suit until after the death of her husband.
She was guilty of such laches as bars her right to
recovery. *German American Seminary* v. *Kiefer,* 43
Mich. 105; *Haff* v. *Haff,* 54 Mich. 511; *Moross* v.
*Oakman,* 257 Mich. 464. Probably this suit would
not be here but for the award in the condemnation
proceedings.

As this disposes of the controlling questions, we
refrain from discussing other questions raised.

Decree of the trial court affirmed, with costs.

WIEST, C. J., and BUTZEL and CHANDLER, JJ., concurred with POTTER, J.

NORTH, J. I concur in result without expressing
opinion as to laches.

BUSHNELL, SHARPE, and McALLISTER, JJ., concurred with NORTH, J.