[No. 17039. Department One. October 30, 1922.]

WILLIAM R. INSLEY *et al., Respondents,* v. LOIS C. WEBB, *as Administratrix etc., Appellant,* C. E. LONG, *as Sheriff of Spokane County, Defendant.*

CARL O. ANDERSON *et al., Respondents* v. LOIS C. WEBB, *as Administratrix et al., Appellants.*[1]

MORTGAGES (104)—TRANSFER OF PROPERTY—ASSUMPTION OF DEBT— PERSONAL LIABILITY. The purchaser of mortgaged property assuming payment of the mortgage is primarily liable to the mortgagee, who is entitled to a personal judgment against him.

ATTORNEY AND CLIENT (25)—AUTHORITY—SATISFACTION OF JUDGMENT. A release of a deficiency judgment on a partial payment, given by attorneys for the mortgagee, is binding upon the mortgagee, where it appears that she was a nonresident, and that her affairs were in the hands of a local agent who employed the attorneys and authorized them to give the release.

HUSBAND AND WIFE (76)—WIFE'S SEPARATE PROPERTY—COMMUNITY DEBTS. The separate property of the wife is not liable for a defi-

[1]Reported in 209 Pac. 1093

ciency judgment against purchasers of property, assuming the mortgage, since it was a community debt.

HOMESTEAD (16)—EXEMPTION—LIEN OF JUDGMENT. A deficiency judgment against a husband and wife cannot be levied upon exempt property claimed as a homestead by the judgment debtor.

PRINCIPAL AND SURETY (36-1)—DISCHARGE OF SURETY—DISCHARGE OF PRINCIPAL WITHOUT PAYMENT. Mortgagors are released from liability upon a deficiency judgment, where purchasers of the mortgaged property, who had assumed the mortgage and become primarily liable, were released by the mortgagee upon a partial payment of the deficiency.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered July 23, 1921, in favor of the plaintiffs, in consolidated actions to enjoin the sale of property on execution, tried to the court. Affirmed.

*McCarthy, Edge & Lantz,* for appellant.

*D. R. Glasgow,* for respondents Anderson.

BRIDGES, J.—The respondents Insley and wife gave their note to a Mrs. Leech and secured its payment by a mortgage upon certain real estate. Later, Insley and wife conveyed the property to the respondent Anderson, who assumed and agreed to pay the mortgage. Still later, Anderson and wife conveyed the property to a Mr. Thomas, who likewise assumed and agreed to pay the mortgage. Thereafter Mrs. Leech instituted suit to secure personal judgments against Insley and wife, Anderson and wife, and Thomas and wife, and to foreclose the mortgage. In due course, personal judgments were given against all of such defendants, and a decree entered foreclosing the mortgage and ordering the property sold. At the sale, Mrs. Leech, the plaintiff in that action, bought in the property for less than the amount due, and took a deficiency judgment against all of the defendants for

the balance. For the purpose of satisfying such deficiency judgment, she caused an execution to be levied against certain real estate belonging to the respondents Insley and wife, and also on two separate pieces of real estate belonging to respondents Anderson and wife, and was about to sell such property when the Insleys brought suit to enjoin the sale of their property, and the Andersons brought a separate suit to enjoin the sale of their property. A judgment was entered in each case, enjoining Mrs. Leech, and the defendant Long, as sheriff, from selling any of the property so levied upon, and this appeal results. At some stage of the proceedings, not shown by the record, the two cases were consolidated and appear here in that manner. Pending the appeal, Mrs. Leech died, and the appellant, Mrs. Webb, who had been appointed administratrix of the estate, was substituted.

We will first dispose of that portion of the case in which Anderson and wife are interested.

Under the decisions of this court and elsewhere, when Anderson purchased the mortgaged property and assumed and agreed to pay the mortgage indebtedness, he thereby became primarily liable to the mortgagee, and it was because of this liability that the mortgagee was entitled to a personal judgment against the Andersons.

After the deficiency judgment was obtained, and before the levy upon the property of the Andersons, Berkey & Cowan, as attorneys for Mrs. Leech, the owner of the deficiency judgment, made an agreement with the Andersons to release them from the judgment if they would pay $250, which payment being made, they gave to Mr. Anderson the following receipt or agreement:

"August 9, 1920. Received of Carl O. Anderson Two hundred and fifty and no/100 dollars on account of execution in the case of Leech v. Insley, et al., credit to be given by the sheriff therefor and release of his property to be given on demand."

Plainly, if this receipt or release is to be given effect, the holder of the deficiency judgment has discharged it in so far as Anderson and wife are concerned. It is contended, however, that the attorneys for Mrs. Leech had no authority to give a release unless the full amount of the deficiency judgment was paid. However, in a memorandum opinion which is in the record, the trial court found that Mrs. Leech was a non-resident of the state, and that her affairs, in so far as this mortgage was concerned, were by her placed in the hands of a Mr. Davies, and that he had full authority to represent her in all matters concerning the subject of this litigation. He further found that Mr. Davies, the agent, had authority to and did empower the attorneys for Mrs. Leech in the foreclosure proceeding to execute and deliver the release above quoted. We concur in these views of the trial court. Such being the case, Mrs. Leech, upon receiving the $250 from the Andersons, released all of their property, and had no right to undertake to collect the balance of the judgment from them.

There is another reason why the judgment as to the Andersons must be affirmed. The testimony shows conclusively that a part of the Anderson property which had been levied upon was the separate property of his wife. It was not, therefore, liable for the community judgment against Anderson and wife. It is also shown that Anderson had claimed a homestead on the balance of the property which had been levied upon. This action would defeat any right of Mrs.

Leech to collect her deficiency judgment out of that property.

The case, in so far as it affects the Insleys, is more difficult. It is contended by them that, when they sold the mortgaged property to the Andersons and the latter assumed and agreed to pay the mortgage indebtedness, the relationship of principal and surety existed as between them; that is, that as between the Insleys and the Andersons, the latter were primarily liable for the debt, and if the former were required to pay, they would have the same recourse against Anderson and wife that a surety would have against his principal. Such being the case, they contend that the release of Anderson, above mentioned, has the legal effect of releasing the Insleys, on the principle that a release of the principal necessarily releases the surety.

Their contention is stated by Mr. Jones, in the second volume of his work on Mortgages (7th ed.), at § 742 as follows:

"A purchaser having assumed the payment of an existing mortgage, and thereby become the principal debtor, and the mortgagor a surety of the debt merely, an extension of the time of payment of the mortgage by an agreement made upon a valid consideration between the holder of it and the purchaser, without the concurrence of the mortgagor, discharges him from all liability upon it. In such case the mortgagor's liability is extinguished, notwithstanding the agreement of extension between mortgagee and grantee expressly declared that it should not impair the security or any condition of the bond and mortgage."

At § 742 (2) of the same work, the contrary doctrine is stated:

"In other courts, however, it is held that the relation of surety between the grantor and grantee does not in any case involve the mortgagee in its legal

effects. His rights are held to remain unchanged. Both the mortgagor and the purchaser who has assumed the mortgage are as to him principals; and he may have a personal decree against either or both. The obligation of the purchaser is treated as a collateral obligation, which the creditor is entitled to the benefit of. In short, the relation of suretyship exists between the grantor and the grantee who assumes the payment of the mortgage, but it does not affect the relations of the mortgagor and mortgagee. The contract rights of the mortgagee cannot be changed by acts of the mortgagor and his grantee to which the former is not a party.''

See, also, 19 R. C. L., § 156, for a statement of the rule contended for by respondent, and § 158 for a statement of the rule as contended for by the appellant. The cases on these questions may be found in the notes to the authorities to which we have referred. If an extension of time of payment made by the mortgagee to a grantee will release the mortgagor, so will a release accomplish the same result.

An examination of many cases and authorities convinces us that the very great weight of authority supports the view that the release given by the appellant to Anderson had the effect of discharging the Insleys from further liability on the deficiency judgment. Appellant cites and relies on the case of *Corkrell v. Poe,* 100 Wash. 625, 171 Pac. 522, 12 A. L. R. 1524; in fact, she contends that that case is absolutely determinative of the question we are discussing. As we read it, the case does not involve this question. The facts there were that Poe mortgaged certain real estate to Corkrell, and subsequently sold the mortgaged property to Robert Wingate estate, subject to the mortgage, but without any agreement on the part of the estate to assume and pay the same. Later the Wingate estate sold and conveyed the property to

Burke, and the latter, by a separate agreement, assumed and agreed to pay the mortgage. The court determined that Burke was liable for the mortgage indebtedness notwithstanding his immediate grantor, to wit: the Robert Wingate estate had not agreed to pay the indebtedness. That portion of the case manifestly does not affect the question we are discussing. The mortgagor, Poe, however, contended that the mortgagee made an agreement with the Wingate estate extending the time of the mortgage, and that because thereof he, Poe, the mortgagor, was relieved from liability. We decided there was an extension of the mortgage, but that it was made by the mortgagee with Poe, the mortgagor, and that the doctrine as contended for by the appellant here was not applicable. We, however, recognized the doctrine as contended for by the respondent, when we said:

"His (the mortgagor's) position had to be like that of a surety for his grantee who assumed his primary obligation in order to be released by a valid extension of the mortgage to his grantee unauthorized by him."

We have concluded to follow the weight of authority, and hold that, when Mrs. Leech, the mortgagee, released the Andersons, the grantees, she thereby released the Insleys, who were the mortgagors.

The judgment is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.