BEN BLEEKER, Respondent, v. G. J. JOHNSON & P. Z. MOWRY, Formerly Copartners under the Name and Style of The Johnson-Mowry Land Company, Appellants.

(190 N. W. 1010.)

**Appeal and error — findings, unless clearly opposed to preponderance of the evidence, presumed correct.**

1. Where lessees, as partners in a farm lease, agreed to pay a rental of $800 for five successive years, and, thereafter, the lessor, upon notice of dissolution of the partnership and the assumption of the partnership assets and liabilities, received the individual notes of the purchasing partner, and where, thereafter, the lessor extended the time of payment for rent due in 1911, 1912, or 1913 by accepting renewal notes, but made no extension of time concerning the rent due in 1914,

It is *held*, in an action for the rent due in 1914,—

That it was a question of fact concerning recognition and intention of the lessor in receiving the notes of the purchasing partner, and that the findings of the trial court, unless clearly opposed to the preponderance of the evidence, are presumed to be correct.

**Partnership — extension of time for payment of past due rent from firm held not to discharge partner as surety of purchasing partner on dissolution for rent due later.**

2. That the extension of time accorded for rent due in 1911, 1912, or 1913 did not serve to discharge the obligation of the selling partner, as surety, for the rent due in 1914.

Opinion filed October 31, 1922.

Appeal and Error, 4 C. J. § 2722 p. 775 n. 26.   Partnership, 30 Cyc. p. 612 n. 66. Principal and Surety, 32 Cyc. p. 196 n. 10.

Action in District Court, Burleigh County, *Nuessle, J.*

Defendant has appealed from the judgment in plaintiff's favor. Affirmed.

*Newton, Dullam & Young,* for appellants.

Note.—A partnership creditor, who with knowledge of an agreement between partners upon dissolution by which one assumed the partnership debts, thus establishing the relation of principal and surety between them, makes a valid agreement with the assuming partner to extend the time of payment of his debt, thereby discharges the other partner as surety, as will be seen by an examination of cases in notes in 9 L.R.A.(N.S.) 49, and 48 L.R.A.(N.S.) 547, on assumption of debts on dissolution of partnership.

See also 20 R. C. L. 987; 5 R. C. L. Supp. 1134.

In general a new contract by a partnership creditor with a partner assuming the debts of the partnership on dissolution, made with knowledge of the assumption respecting the partnership obligations to him, will discharge the retiring partner from liability thereon. Philippini v. Stead, 23 N. Y. Supp. 1061; Reed v. Ashe, 46 N. Y. Supp. 126.

The general principle is that the surety is discharged by any act of the creditor which causes the surety to forego taking steps to protect himself. White v. Walker, 31 Ill. 422; Taylorsville Bank v. Hardesty, 28 Ky. L. Rep. 1285, 91 S. W. 729; St. Louis Brewing Asso. v. Hayes, 107 Fed. 395; West v. Brison, 99 Mo. 684, 13 S. W. 95.

*E. T. Burke,* for respondents.

### Statement.

BRONSON, J. This is an action for rent, tried to the court without a jury. The court found in plaintiff's favor. Defendants appealed. The facts are: Defendants were copartners owning land and engaged in the land business. Plaintiff, a farmer in Iowa, in September, 1909, bought from the copartnership a half section of land in Dickey county, North Dakota. By the terms of the sale; the partnership agreed to pay plaintiff $400 per quarter, as rental, for five years commencing December 1st, 1910. Accordingly. on Nov. 1st, 1909, two leases were made covering the land, each signed by plaintiff and the partnership, and each stipulating for a cash rental of $400 per year, payable on Nov. 1st, each year. In November, 1909, the partnership dissolved. Mowry purchased Johnson's interest and agreed to assume and pay all partnership debts. In May, 1910, plaintiff learned about this dissolution. This information he received when, upon writing to Mowry concerning the giving of notes to evidence the rental payments, Mowry sent to him ten notes for $400 each, signed by Mowry alone and evidencing the rental payments stipulated in the leases. Plaintiff retained these notes. Plaintiff received the rent for 1910. Thereafter, difficulty was encountered in collecting the rent. At different times, plaintiff wrote both partners in efforts to collect rent due. At all times he assumed the attitude that both of them were liable and that he was looking to both of them for payment. In 1911, plaintiff secured the services of an attorney in efforts to collect the rent. Correspondence was had between this attorney and the former partners. In December,

1911, Johnson advised the attorney that, if Mowry were written, doubtless the money would be paid, unless Mowry could get an extension. Mowry wrote to the attorney that plaintiff had agreed to carry him for the rent until Sept. 1st, 1912, providing he could get an indorser on his note. Later, Mowry wrote inclosing a check for $200 and his note, signed also by one Magoffin. Apparently, this note plaintiff received and retained. It is also apparent that Mowry gave a note for $500 to plaintiff, due November 1st, 1914. This evidently evidenced past due rent for 1911, 1912, or 1913. In December, 1914, plaintiff wrote to Mowry requesting him to pay the rent notes due Nov. 1st, 1914. He also inclosed a new lease to Mowry alone covering the land. It appears that this lease covered three quarters upon a new rental to Mowry alone for the years 1915 and 1916. In 1915, Mowry sent plaintiff a check for $500 instructing plaintiff to apply $400 on that year's rent and the balance on one of the past due notes. Mowry's recollection is that when he sent this $500, the only notes that were past due were those for the 1914 rent. Concerning this application of payment plaintiff testifies, with indistinct recollection, that Mowry advised him to make application of $100 on one of the other notes; that there was back rent unpaid because he had to take notes from him from time to time. Plaintiff states, however, that the rent for 1911, 1912, and 1913 has been paid. The rent for 1914 was not paid. This action, accordingly, in May, 1920, was instituted to recover such rent. Up until about 1914, Mowry's financial rating was good. Then he sustained successive financial losses through crop failures which impaired his assets. He is now unable to pay his obligations.

The trial court found that the rent for 1914 was unpaid; that plaintiff was not advised of the transfer and assumption of the debt by the purchasing partner, Mowry, until the spring of 1910; that at all times and under all circumstances plaintiff insisted that both defendants were indebted to him; that notwithstanding such insistence plaintiff received and retained notes signed by Mowry alone and did, in fact, receive payments for the years 1909, 1911, and 1912 from defendant Mowry; that at the close of the lease with the partnership, plaintiff made another lease with the defendant Mowry alone; that Mowry is now insolvent. The court determined that both the defendants were liable to plaintiff for the 1914 rent and rendered judgment accordingly. In defendant's

brief it is stated that after the entry of judgment, by agreement in open court, a credit of $100 was allowed upon the 1914 instalment. The above statement of facts have been gleaned from evidence that is fragmentary in its character and not specific in details concerning the transactions had between the parties since the dissolution of the partnership.

## Decision.

Upon the dissolution of the partnership, the relation between the partners became that of principal and surety. Upon notice of the dissolution, the creditor might become bound to recognize this relation, through his acts of assent and recognition. Dean v. Collins, 9 L.R.A. (N.S.) 49 and note, 15 N. D. 535, 125 Am. St. Rep. 610, 108 N. W. 242, 11 Ann. Cas. 1027; Deke v. Huenkemeier, 260 Ill. 131, 48 L.R.A. (N.S.) 522, 102 N. E. 1059, Ann. Cas. 1914D, 290.

Plaintiff received full notice of the dissolution but insisted throughout in holding defendant Johnson to his partnership obligation, however, he received and retained, after notice of the dissolution, the notes of defendant Mowry who purchased the partnership interest and assumed the partnership debts. These notes evidenced the partnership obligation for rent that became due each year on November 1st for a period of five years. It further appears from the evidence that defendant Mowry in 1911 was unable to pay the rent for that year and requested from plaintiff an extension of time. This apparently was granted through plaintiff paying $200 and giving another note, signed by Mowry and a surety, for the balance. Further, apparently, some extension was granted to Mowry concerning the rent for 1912 or 1913 because it appears that Mowry did give to plaintiff one note for $500 due Nov. 1st, 1914. It does not appear that the notes for $400, each due Nov. 1st, 1914, were renewed or extension of time given thereupon.

The questions presented are:

(1) Did the acceptance of the notes by plaintiff from Mowry recognize the relation between the partners after the dissolution so as to discharge defendant Johnson as surety?

(2) Did the extension of time accorded, or the acceptance of new notes for the years 1911, 1912, or 1913, by plaintiff from Mowry operate as recognition of the relation between the partners, after dis-

solution, so as· to discharge the defendant Johnson as surety for the rent due in 1914?

It was a question of fact whether the acts of the plaintiff in accepting the notes of Mowry alone for the year 1910 constituted such a recognition and intention concerning the new relation between the partners as to release the defendant Johnson as surety.   9 L.R.A. (N.S.)  82, note.   It was a question of fact whether the plaintiff intended to receive such notes merely as evidences of debt under the leases or as a novation of the partnership debt.   Nightingale v. Chafee, 11 R. I. 609, 23 Am. Rep. 535.   The findings of the trial court in this regard are not opposed to the preponderance of the evidence and, therefore, are presumed to be correct.   Richards v. Northern P. R. Co. 42 N. D. 472, 173 N. W. 778.   It may be conceded that the granting of extension of time by the plaintiff to Mowry alone concerning the rent due for the years 1911, 1912, or 1913, operated to recognize the relation and to discharge the defendant Johnson as surety for the rent for such years.   9 L.R.A. (N.S.) 92, note; Johnson v. Jones, 39 Okla. 323, 48 L.R.A.(N.S.) 554, 135 Pac. 12.   However, we are of the opinion that such recognition, concerning such years, for the rent did not operate to discharge the obligation of defendant for the rent due in 1914, concerning which no extension of time was accorded by plaintiff.   The obligation due for the rent each year was a separate and independent demand.   See Ducker v. Rapp, 67 N. Y. 464, 474; Coe v. Cassidy, 72 N. Y. 133, 137; 32 Cyc. 196; 1 Brandt, Suretyship & Guaranty, §§ 393, 406.   The judgment is affirmed with costs.

BIRDZELL, Ch. J., and CHRISTIANSON, ROBINSON, and GRACE, JJ., concur.