[No. 23554. Department Two. April 13, 1932.]

EUGENE GILLMAN, *Respondent*, v. GEORGE A. PURDY et al., *Appellants*.[1]

*Philip D. Macbride* and *George W. Williams*, for appellants.

*J. H. Buchanan* and *Burkheimer & Burkheimer*, for respondent.

[1] Reported in 9 P. (2d) 1092.

Main, J.—This action was brought to recover a delinquent payment upon the principal of a real estate contract, and also a delinquent payment of interest. The cause was tried to the court without a jury, and resulted in findings from which the court concluded that the plaintiff was entitled to recover. Judgment was entered against the defendants for the sum of $2,149.98 on the principal and $258 interest, from which they appeal.

November 30, 1928, the respondent, Eugene Gillman, contracted to sell, and the appellant, George A. Purdy, who will be referred to as though he were the only party on that side of the controversy, contracted to purchase, lots 5 and 6 in block R, Bell's 6th addition to the city of Seattle, with certain exceptions which are not here material. The purchase price was the sum of $40,000, of which $6,250 was paid at the time the contract was executed, and a portion of the balance was taken care of by the purchaser assuming two mortgages. Deducting the initial payment and the amount of the two mortgages from the total purchase price, there was a balance of $11,999.92, which was payable under the contract

". . . as follows: Six months from date hereof, $1,250; one year from date hereof $2,149.98; two years from date hereof, $2,149.98; three years from date hereof, $2,149.98; four years from date hereof, $2,149.98; and five years from date hereof, $2,150.00; together with interest on deferred payments at six per cent per annum, payable semi-annually."

Time was made the essence of the contract, and, in case the purchaser should fail to make any of the payments at the time they fell due, the seller had the right to elect

". . . to cancel this contract, and upon such election being made, all rights of the purchaser hereunder

shall cease and determine, and any payments theretofore made hereunder by the purchaser shall be retained by the seller in liquidation of all damages sustained by reason of such failure, and no waiver by the seller of any default on the part of the purchaser shall be construed as a waiver of any subsequent default.''

November 18, 1929, Purdy, the purchaser, assigned the contract to L. J. Hull and A. S. Foster, and Gillman was informed of the assignment. The assignment contained a provision that Hull and Foster assumed and agreed to make the payments provided for in the contract. Thereafter, Hull and Foster made the payments as they became due, until May 10, 1930, which was an interest paying date. This payment was extended at the request of Hull for a period of approximately five months, and, in consideration thereof, Hull paid to Gillman interest on the deferred payment in the sum of $5.81. The May 30th interest payment and the interest thereon of $5.81 were paid October 28, 1930. Thereafter, and on or about November 26, 1930, Gillman, at the request of Hull, consented, without knowledge of Purdy, to extend the

'' . . . payment of principal and interest due upon said contract November 30, for a period of thirty days, towit: To December 26, 1930; and the said assignee [Hull] thereupon paid an installment mortgage on said premises.''

No further payments of principal and interest were at any time made after the payment of October 28, 1930, above mentioned.

This action was brought to recover the payment on the principal in the sum of $2,149.98, due November 30, 1930, which was extended for a period of thirty days, and the semi-annual interest which was due upon the same date.

The question is whether Gillman, at the request

of Hull, the assignee, by extending the payment of the interest due May 30, 1930, for a period of five months, upon which interest was paid in the sum of $5.81, and extending the payment of principal and interest due November 30, 1930, for a period of thirty days, thereby relieved Purdy from his obligations under the contract.

Where the purchaser of property assumes the payment of an existing mortgage, he thereby becomes the principal debtor, and the mortgagor a surety of the debt as between themselves; and any extension of time of the payment of a mortgage by an agreement, made upon a valuable consideration between the holder of it and the purchaser of the property who assumed the mortgage, without concurrence of the mortgagor, discharges the latter of all liability thereon. *First State Bank of Binford v. Arneson,* 109 Wash. 346, 186 Pac. 889; *Insley v. Webb,* 122 Wash. 98, 209 Pac. 1093, 41 A. L. R. 274.

It is a general rule that a valid agreement between a creditor and the principal debtor, extending the time of payment of an indebtedness without the consent of the surety, discharges the latter. *Hamilton v. Benton,* 180 N. C. 79, 104 S. E. 78; *Miles v. Macon County Bank,* 187 Mo. App. 230, 173 S. W. 713; *Lazelle v. Miller,* 40 Ore. 549, 67 Pac. 307. Assuming, without so deciding, that, when Purdy assigned the contract to Hull and Foster, they became the principal debtors and Purdy a surety, the inquiry must be then directed to whether the extension of the interest payment due May 30, 1930, upon which interest was paid, would operate to discharge a subsequent payment called for under the contract, which was not then due. Each of the payments which were to be made in accordance with the terms of the contract, was a separate and independent demand.

Where the contract provides for successive payments at fixed periods, if the creditor gives time as to one of such payments, he will relieve the surety with regard to that payment only, but not with regard to the subsequent payments. *Cohn v. Spitzer*, 129 N. Y. Supp. 104; *Cohn v. Spitzer*, 207 N. Y. 738, 101 N. E. 1098; *Cooper Rubber Co. v. Johnson*, 133 Tenn. 562, 182 S. W. 593, L. R. A. 1917A 282; *Bleeker v. Johnson*, 49 N. D. 156, 190 N. W. 1010; *Shepard Land Co. v. Banigan*, 36 R. I. 1, 87 Atl. 531. It follows that the extension of the time of payment of the interest which was due May 30, 1930, upon a valuable consideration, and which was subsequently paid, does not therefore operate so as to release a subsequent payment of either principal or interest.

■ The principal and interest over which this controversy arose, as already stated, became due November 30, 1930, upon which there was an extension for a period of thirty days, and no payment of either principal or interest was thereafter made. For this thirty-day extension, there was no consideration. An extension of the time of payment to the principal debtor will not relieve the surety when the agreement for such extension is not based upon a valuable consideration. In *Lipsett v. Dettering*, 94 Wash. 629, 162 Pac. 1007, it is said:

"It is settled law in a jurisdiction where the common law obtains that an agreement made between the payee and the principal debtor to extend the time of payment of a note for a definite period releases a surety, if the agreement is made upon a valuable consideration and without the consent of the surety. [Citing authorities.]"

There being no valuable consideration for the agreement to extend for the thirty-day period, the agreement was one which was not enforceable, and this ex-

tension did not release Purdy, who, we have assumed for the purposes of this case, had become a surety by reason of the assignment of the contract to Hull and Foster.

This case is entirely different from that of *Continental Mutual Savings Bank v. Elliott*, 166 Wash. 283, 6 P. (2d) 638, which called for the construction of the negotiable instruments law. There is no question of a negotiable instrument or the negotiable instruments law in the case now before us.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.