## NORTHWESTERN MUTUAL LIFE INSURANCE CO v MENKE et

Ohio Appeals, 6th Dist, Wood Co

No 534. Decided Dec 27, 1932

Geer & Lane, Toledo, for plaintiff in error.

Bowman & James, Bowling Green, for defendants in error.

ley v Webb, 41 A.L.R., 274, the weight of authority holds that such an extension of time of payment operates as such release; and on page 285 thereof Ohio is listed among the states that adhere to the contrary or minority rule. Similar statements of the law are found in annotations to Gilliam v McLemore, 43 A.L.R., 79 and Zastrow v Knight, 72 A.L.R., 379. The rule in Ohio is stated in Teeters v Lamborn, 43 Oh St, 144, the second syllabus whereof reads as follows:

"A debtor who has given a note secured by a mortgage on real estate to his creditor sells the mortgaged premises to a third person, who, in part consideration of the purchase, assumes and agrees with his vendor to pay the mortgage debt, of all which the creditor has notice. Afterward, without the knowledge of the debtor, the creditor agrees with the purchaser, in consideration of the payment of interest in advance, to extend the time of payment. Held: 1. By such extension of time the debtor is not discharged from all liability on the note. 2. That, in equity, such debtor is released from liability to the extent of his loss by reason of such extension."

We call attention also to Dennison University v Manning, 65 Oh St, 138 and Richards v Market Exchange Bank, 81 Oh St, 348. Ours "not to reason why," but to follow the rule thus announced. The judgment of the Court of Common Pleas is therefore reversed and the cause remanded to that court with directions to overrule the demurrer and for further proceedings according to law.

In what amount, if any, a judgment should be rendered in favor of plaintiff as against Menke and McCombs will depend upon what loss, if any, their answer alleges and the evidence shows they have sustained by reason of the extensions of time of payment given by plaintiff to Sarah A. Youngs. Teeters v Lamborn, 43 Oh St, 144, 156.

LLOYD, J.

According to an annotation on page 282 following the opinion of the court in Ins-

Judgment reversed.

RICHARDS and WILLIAMS, JJ, concur.