**WASHER et v TONTAR et**

Ohio Appeals, 9th Dist, Summit Co

No 2290. Decided Nov 1, 1933

Meade & Weygandt, Akron, and Beery, Underwood, Ryder & Russell, Akron, for plaintiffs in error.

Hutchison & Firestone, Akron, for defendant in error Peter Tontar.

## OPINION

By WASHBURN, PJ.

It may be said that previous to the adoption of the uniform negotiable instruments code, the weight of authority in the United States supported the rule that, if the mortgagee, with knowledge of the conveyance of the property and assumption by the grantee of the mortgage debt, extended the time of payment by a valid agreement between him and the grantee, such extension operated to discharge the original mortgagor, unless such extension was assented to by the mortgagor or unless the rights of the mortgagee against the mortgagor were expressly reserved. Some of the decisions adopting this rule rest it upon the principles of estoppel, but a vast majority rest the rule upon the doctrine applicable to the release of sureties.

There was a minority rule which obtained in some jurisdictions, to the effect that the mortgagor was not released by the extension of the time of payment given by the mortgagee to a grantee who had assumed payment of the mortgage debt—the theory being that while, as between the grantee and grantor in such cases, the relation was that of principal and surety, such relationship did not exist so far as the mortgagee was concerned, and that the mortgagee, notwithstanding such extension, could continue to treat both as principals, severally liable.

In 1885, previous to the adoption of the negotiable instruments act, the Supreme Court of Ohio held that "By such extension of time the debtor is not discharged from all liability on the note," but that, "in equity, such debtor is released from liability to the extent of his loss by reason of such extension."

Teeters v Lamborn, 43 Oh St 144.

But this view of a pro tanto discharge was disapproved and characterized as obiter in Denison University v Manning, 65 Oh St 138. The latter decision was announced in 1901, and thereafter, in 1902, the uniform negotiable instruments act was adopted in Ohio.

In 1910, in the case of Richards v Market Exchange Bank Co., 81 Oh St 348, the Supreme Court pointed out that, under the negotiable instruments act, one who signs a promissory note on the face thereof, even if he is a surety for the principal maker, is primarily liable for the payment of such note, and that "The rule of the common law that any agreement between the holder of a promissory note and the principal, which varies essentially the terms of the contract by which a surety is bound without the consent of such surety will work his release from liability, is no longer in force as to one who has signed on the face of the instrument, such rule having been in effect abrogated by §8224, GC."

Said rule, by the express provisions of said negotiable instruments act, obtains, however, in reference to a person who is secondarily liable on a note. (§8225, GC).

Since the adoption of the uniform negotiable instruments act in the various states, the conclusion above referred to in the case of Richards v Market Exchange Bank Co., has been adopted by the courts in many states, but there are a few states in which the courts have held to the contrary (see Annotations in 48 A.L.R. 715, and 72 A.L.R. 389), and in some of the comparatively recent cases in which the original mortgagor has been held to be released, the question of the effect of the adoption of the negotiable instruments act was not raised nor referred to. We know of no later decision by the Ohio Supreme Court which in any way modifies or changes the rule announced in said Richards case, which we believe is supported by the weight of authority, nor do we know of any decision which modifies or changes the law as announced in the first paragraph of the syllabus in the case of Denison University v Manning, supra, and as we interpret both of said decisions, the quotation heretofore made from Teeters v Lamborn, supra, does not state the law of Ohio.

In the case of Denison University v Manning, supra, it was held that "An answer in an action by a payee of a promissory note against the maker to recover a balance due after applying the proceeds of sale of mortgaged premises, which alleges the sale and conveyance by the mortgagor, after the execution of the note and mortgage, to purchasers who agree, as part of the consideration, to assume and pay the mortgage debt, and that the payee of the note was duly advised of the sale and agreement of the purchasers to pay the note, consented thereto, * * * and that, without the knowledge or consent of" the mortgagor defendants, plaintiff, the payee, "for a valuable consideration, agreed with the purchasers to extend the payment of the note after maturity thereof, and did so extend it, does not state facts sufficient to establish that the payee agreed to accept such purchasers as principal debtors and to release the makers from the obligation save as sureties,

and does not state a defense," and it was therein pointed out that, "as between the mortgagor and the purchaser, the general relation of surety and principal may be created by reason of their contract, * * * but this falls very far short of changing the relation of a mortgagor from a principal to a surety as respects the mortgagee."

It was also pointed out, in the case of Richards v Market Exchange Bank Co., supra, that the surety upon a promissory note being primarily liable, could be discharged only in the methods prescribed by the negotiable instruments act, and while said act does not in terms specify the discharge of parties, and it is easily perceived that there is a distinction between the release of a party and the discharge of an instrument itself, "the greater includes the less." "A release of a party may be had without destroying the entire instrument, but of course the instrument cannot be discharged without at the same time and by the same cause effecting a release of the parties."

As between the parties to this error proceeding, the action in the trial court was one to obtain a judgment upon a negotiable instrument, and the parties were in exactly the same position as the parties were assumed to be in the first paragraph of the syllabus of the case of Denison University v Manning, supra. A deficiency judgment was obtained against the Washers, who were the makers of said note and were absolutely required to pay it and therefore were primarily liable, and their liability was not affected by the holder of said note giving to Washer's grantee, who had assumed and agreed to pay the note, an extension of time in which to pay it.

As to the other questions raised by counsel for the Washers, we dispose of same by stating our conclusions only, as follows:

We do not find that there was a novation, and we do not find that the facts constitute an equitable estoppel against the mortgagor, Tontar, and we do not find that the fact that Tontar, in his cross-petition, sought a foreclosure of the original mortgage as well as a personal judgment against the Washers and the subsequent purchasers who assumed and agreed to pay said original note, amounted to an election to pursue his equitable rights only or an election to treat such purchasers as principals and the Washers as sureties.

The judgment is therefore affirmed.

This conclusion which we have reached is in direct conflict with the case of Northwestern Mutual Life Ins. Co. v Menke, 45 Oh Ap 122 (13 Abs 452), and we therefore certify this case to the Supreme Court as being in conflict with said decision by another Court of Appeals.

FUNK and STEVENS, JJ, concur in judgment.