BURNEY J. KENDALL v. WALTER L. SELBY.

FILED OCTOBER 22, 1902. No. 11,688.

Commissioner's opinion, Department No. 1.

1. **Note: Mortgage: Contemporaneous Execution: Construction: Negotiability.** Where a note and the mortgage securing it are made contemporaneously, they are to be construed together, and all persons chargeable with notice of the conditions of the mortgage are bound by its terms affecting the negotiability of the note.

2. ———: ———: ———: **Taxes.** A provision in a mortgage which, by the terms of the note to secure which it is given, is made a part thereof, that the mortgagor shall pay taxes on the premises, and on his failure to do so the holder may pay the same, and the mortgage shall stand as security for such payment and interest thereon, does not affect the negotiability of the note.

3. ———: ———: **Negotiability.** A provision in a mortgage, which by the terms of the note to secure which it is given, is made a part thereof, that on failure to comply with any of the conditions of the mortgage, the whole debt shall become due and

payable without notice to the mortgagor, does not affect the negotiability of the note.

4. ———: ———: DEFAULT: HIGHER RATE OF INTEREST. A provision in a note and mortgage that in case of a default in some particular the debt shall draw a higher rate of interest than would otherwise be the case, is in the nature of a penalty, is non-enforceable, and its incorporation in the note does not affect its negotiability.

5. Conflicting Evidence. The finding of the trial court upon contradictory testimony will not be disturbed if supported by sufficient competent testimony.

6. Dismissal: FORECLOSURE: APPEAL: REVERSAL: BAR. Where a foreclosure suit has been prosecuted to decree, and an appeal taken therefrom has resulted in a reversal of such decree, whereupon the plaintiff dismisses his suit without prejudice, *held*, that such proceedings were not a bar to a suit at law upon the indebtedness, and the answer of an indorser upon the note, pleading the commencement and dismissal of the foreclosure suit, fails to state a defense.

ERROR from the district court for Douglas county. Tried below before KEYSOR, J.   *Affirmed.*

*Albert Swartzlander,* for plaintiff in error.

*F. H. Gaines* and *Gaines, Kelby & Storey, contra.*

KIRKPATRICK, C.

This is an action brought in the district court for Douglas county by Walter L. Selby, defendant in error, against Burney J. Kendall, plaintiff in error, charging the latter as indorser upon four promissory notes of $600 each, made by Charles F. Mullen, December 11, 1890, payable to the Patrick Land Company, and by the land company indorsed and transferred to plaintiff in error, who afterwards, and before maturity, indorsed and transferred them to one James M. Woods; said notes being finally transferred by indorsement to defendant in error, Selby. An answer was filed, admitting the execution and delivery of the notes, and their indorsement by plaintiff in error, and denying each and every other allegation of the petition; and in addition pleading that at the time of the

execution of the notes, and as a part of the same transaction, four separate mortgages were made securing the same, and by the terms of the notes made parts thereof; that by reason of the mortgages being made parts of the notes, the notes were rendered non-negotiable on account of conditions contained in both notes and mortgages, making the amount due and the date of payment uncertain; and in addition pleading that defendant in error, Walter L. Selby, had on October 16, 1893, commenced an action of foreclosure in the district court for Douglas county, seeking to foreclose said several mortgages, making plaintiff in error a party defendant with other indorsers on the notes; and praying a foreclosure and a deficiency judgment against the makers and indorsers, including plaintiff in error; that a decree of foreclosure was entered in said cause, and that afterwards the case was taken to this court by plaintiff in error, as a result of which the decree of foreclosure was reversed and the cause remanded; that afterwards defendant in error, without any notice to, and without the knowledge of, plaintiff in error, dismissed said foreclosure proceedings; and that in said foreclosure proceedings no permission was given by the district court to institute a suit at law on said notes. To this answer was filed a reply, admitting paragraph 6 of the answer, which set up the terms and conditions of the notes and mortgages, and denying the other allegations contained in the answer. Trial was had, which resulted in a judgment against plaintiff in error and in favor of defendant in error, to reverse which the cause is brought to this court. It is contended by plaintiff in error that the trial court erred in the following particulars: (1) in holding that the notes upon which suit is brought were negotiable instruments; (2) in finding that due notice of non-payment of the notes was given to plaintiff in error; (3) that the failure of defendant in error to proceed with his mortgage foreclosure after the same had been instituted was a release of plaintiff in error from all liability on account of his indorsement; (4) that the court

erred in sustaining the motion filed by defendant in error to strike from the answer filed by plaintiff in error the seventh paragraph thereof, which set up the foreclosure proceedings, and alleged that no permission had been given in the equity cause to defendant in error to institute this action at law upon the same contracts of indebtedness.

The contention of plaintiff in error that the notes sued upon are non-negotiable is based upon certain provisions found in both the notes and mortgages. The notes upon which suit is brought are alike in form, one of which is as follows:

"OMAHA, NEBR., December 11, 1890.

"On the 11th day of December, 1893, for value received, I promise to pay to the Patrick Land Company of Omaha, or order, the sum of six hundred dollars, with interest thereon from date, payable as shown and represented by interest coupons hereto attached; and if any interest coupon is not paid when due, then the whole of this note shall immediately become due, and may be collected by suit at any time; and if this note is not paid when due either by maturity or by reason of failure to comply with the terms of the mortgage given to secure the same, which is made a part hereof, or by default in the payment of any interest coupon, then the same shall bear interest at the rate of ten per cent. per annum. Principal and interest payable at the office of the Patrick Land Company at Omaha. Lot 10, block 103, Dundee Place, Omaha, Nebraska.

"[Signed.]    CHARLES F. MULLEN."

In *Garnett v. Meyers*, 65 Nebr., 280, this court said: "A note, and mortgage securing it, made contemporaneously, are to be construed together as to all persons chargeable with notice of their contents and their relation to each other." In the note quoted above is a provision making the mortgage a part of the note, so that the payee and indorsers of the note are chargeable with notice of all conditions contained in the mortgage.

The conditions in the mortgage concerning which complaint is made are as follows: (1) That the mortgagor should pay all taxes on the premises before they became delinquent, and that on his failure so to do, the holder might pay the same and recover ten per .cent. interest thereon, and that the mortgage should stand as security therefor; (2) that on failure to comply with any of the conditions of the mortgage, the debt should immediately become due and payable without notice to the mortgagor, and the holder might immediately foreclose the mortgage. The third condition requires more particular notice, and is in the words following: "And it is expressly agreed and stipulated that in the event the debt secured by this mortgage shall not be paid when due by the terms of said bond or promissory note, or when it shall become due by reason of the breach of any of the conditions, covenants or agreements of this mortgage, it shall bear interest at the rate of ten per cent. per annum from the date hereof, and the holder thereof shall recover principal and ten per cent. interest per annum thereon from the date hereof, less any amount which may have been paid thereon."

Regarding the first contention, it may be said that this is a provision relating alone to the security for the debt, and simply requires the mortgagor to do what he would be bound to do in the absence of a condition, and provides that on his failure to pay the taxes, the holder of the mortgage may pay the same, and recover interest on such payment at the rate of ten per cent. This provision in no way tends to render the amount due on the note uncertain, and therefore does not affect the negotiability of the note.

In *Stark v. Olsen*, 44 Nebr., 646, this court passed upon a condition almost identical with the second one in the mortgage involved herein, and expressly held that such a provision did not make the maturity of the note uncertain, and therefore did not affect its negotiability.

The substance of the third condition quoted above is that on failure of the mortgagor to pay the indebtedness

when due, such indebtedress should draw interest at the
rate of ten per cent. per annum from its date.  In consid-
ering a provision of like character, this court, in *Connecti-
cut Mutual Life Ins Co. v. Westerhoff*, 58 Nebr., 379, said:
"A provision in a note and the mortgage by which the pay-
ment of the debt evidenced by the note is secured that in
the default of the payment of the semi-annual interest in-
stalment the whole debt shall bear interest at a higher
rate than it would by its terms otherwise bear, is in the
nature of a penalty and will not be enforced."  The third
condition quoted above, being clearly a penalty and non-
enforceable, can not in any way be held to affect the ne-
gotiability of the note.  We therefore conclude that the
notes in suit are negotiable, and the first contention of
plaintiff in error can not be sustained.

It is next contended that no sufficient notice of dis-
honor was given to plaintiff in error.  Upon this point the
evidence in the record is conflicting.  Defendant in error
testifies positively that he had several conversations with
plaintiff in error regarding the failure of the maker to
pay the notes in question; that plaintiff in error asked
that he be given additional time and not to crowd him for
the payment.  He also testified that the notes were duly
protested for non-payment, and notice thereof given to
plaintiff in error.  All of this testimony is denied by
plaintiff in error.  This was a question for the determina-
tion of the trial court, and it having found against the
contention of plaintiff in error, under the well-established
rule in this state such finding will not be disturbed by this
court if sustained by sufficient competent evidence, and
this seems to be true of the finding under consideration.

The third contention is that the failure of the defend-
ant in error to continue the prosecution of his foreclosure
suit operated to discharge plaintiff in error from all liabil-
ity on the notes.  This contention seems to be wholly un-
supported by authority and is without merit.

The final contention of plaintiff in error is that the
trial court erred in striking from his answer the para-

graph which set up the foreclosure proceedings instituted by defendant in error and their dismissal, and the failure of defendant in error to apply to the court in which such proceedings were had for permission to institute this action at law. It is disclosed by the seventh paragraph of the answer filed that defendant in error began foreclosure proceedings upon the mortgages and notes in suit, which he prosecuted to decree, that from the decree foreclosing the mortgages, plaintiff in error prosecuted error to this court, which proceeding resulted in a reversal of the decree of foreclosure. The answer further disclosed that defendant in error thereafter dismissed his foreclosure proceedings, and it is now contended by plaintiff in error that under the provisions of section 848 of the Code of Civil Procedure, defendant in error had no right to institute this action at law. The section relied upon is as follows: "After such petition shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof." The paragraph of the answer of plaintiff in error which was stricken out set up the institution of the foreclosure proceedings, the judgment of the trial court, the reversal of such judgment by this court, and the dismissal of such proceedings by defendant in error. It is quite apparent that after the dismissal of such foreclosure proceedings they were no longer pending. The situation of the parties would be the same as though no foreclosure suit had ever been brought. From this it follows that paragraph 7 of the answer wholly failed to state any defense, and the action of the trial court in striking it out was correct.

From an examination of the entire record, it is apparent that no error has been committed by the trial court, and it is therefore recommended that the judgment be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.