ing said marriage, by reason of personal defects and physical infirmaties, which are of an incurable nature and were unknown to the plaintiff at the time of contracting said marriage. The verified answer admits the marriage and denies the other material allegations of the complaint. In her affidavit upon the motion for alimony and counsel fees, the defendant avers:

"There is absolutely not a shred of truth in the plaintiff's allegations on which he bases this action, and I submit herewith my verified answer to the complaint denying all such allegations. * * * I was married to the plaintiff in September, 1910, and we remained together until October, 1911, when the plaintiff deserted and abandoned me, and from the beginning of the present year he has not contributed a single penny toward my support, and I have been compelled to earn my own living as best I could."

The order made thereon allowed $100 counsel fee, but denied the application for alimony.

In Higgins v. Sharp, 164 N. Y. 4, 58 N. E. 9, the Appellate Division certified the following question to the Court of Appeals:

"Has the Supreme Court, in an action against a wife to annul a ceremonial marriage, in which action the wife by her answer only asserts the validity of the marriage, power to grant alimony and counsel fee pendente lite?"

After an examination of the cases the unanimous decision of the court was:

"This is a case where the defendant has put in issue all the material allegations of the complaint, and where she stands to defend her rights as the plaintiff's wife. Her application was, therefore, addressed to the sound discretion of the court, and the order cannot be questioned for want of power in the court to make it. The order should be affirmed, with costs, and the question certified answered in the affirmative."

We think, upon this record, the order appealed from should be modified, by granting alimony pendente lite at the rate of $7 per week, and, as so modified, affirmed, with costs and disbursements to the appellant upon this appeal. All concur.

---

(78 Misc. Rep. 461.)

UNION BANK OF BROOKLYN v. RUBINSTEIN et al. (No. 1.)

(Supreme Court, Special Term, New York County. October, 1912.)

MORTGAGES (§ 283*)—DEFICIENCY—EXTENT OF LIABILITY.

Where one gives a second mortgage to secure his note, and then deeds the land subject to it, the grantee not assuming its payment, he remains principal debtor for that part of it which is in excess of the value of the land over the first mortgage, so that he is not exonerated from all liability, as regards a deficiency judgment, by the mortgagee and grantee substituting for the first mortgage a larger mortgage, maturing later, but only to the extent of the increase in the amount of the prior lien; no decrease in the value of the property during the period of extension being shown.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 756–758; Dec. Dig. § 283.*]

Action by the Union Bank of Brooklyn against Reuben Rubinstein and others to foreclose a mortgage on real property. Judgment for plaintiff.

Louis Goldstein, of Brooklyn (Rufus O. Catlin, of Brooklyn, of counsel), for plaintiff.

House, Grossman & Vorhaus, of New York City (Edward Kaufman, of New York City, of counsel), for defendants Rubenstein and Rude.

GIEGERICH, J. The action is brought to foreclose a second mortgage, originally amounting to $9,500, on which the sum of $375 was paid on the 21st day of February, 1910, and the further sum of $156.25 on the 10th day of May, 1910, and the further sum of $156.25 on the 10th day of August, 1910, making an aggregate of payments of $687.50, and leaving due on the principal the sum of $8,812.50. The plaintiff asks for a deficiency judgment against the defendants Rubinstein and Rude, and the principal question in the case relates to the rights of the plaintiff as against these defendants, who were the owners of the property at the time the mortgage in suit was given, and who gave their bond with the mortgage, but who subsequently conveyed the property; their grantee taking it subject to the mortgage, but not assuming its payment. The mortgage in suit, with the bond accompanying it, was given by the defendants Rubinstein and Rude on the 10th day of September, 1908, and was payable on or before the 10th day of September, 1909. It was a subordinate lien to a first mortgage on the same premises amounting to $24,000. After the mortgage in suit became due, the plaintiff and the then owner of the property entered into an agreement. whereby a new mortgage in the amount of $27,000 should be placed upon the premises in place of the former mortgage of $24,000; the plaintiff agreeing to subordinate the mortgage in suit to the new mortgage of $27,000, and the then owner of the property agreeing to pay the plaintiff the sum of $375 in cash and the further sum of $625 in equal installments of $156.25 each on the 1st days of May, August, and November, 1910, and on February 1, 1911.

On behalf of the defendants Rubinstein and Rude it is claimed that the extension of time granted by the plaintiff, together with the increase in the amount of the prior lien from $24,000 to $27,000, had the effect of wholly relieving them of their liability upon the bond. I do not think the plaintiff's acts have exonerated them from liability to that extent. The rule laid down in Murray v. Marshall, 94 N. Y. 611, 616, applicable to such cases, is that the grantee stands in the quasi relation of principal debtor only in respect to the land as the primary fund and to the extent of the value of the land, and if that value is less than the mortgage debt, as to the balance he owes no duty or obligation whatever, and as to that the mortgagor stands to the end, as he was at the beginning, the sole principal debtor, and that from any such balance he is not discharged, and as to that no right of his is in any manner disturbed. The measure of his injury is his

right of exoneration, and that necessarily is bounded by the value of the land.

Applying that principle to the facts in the present case, the defendants Rubinstein and Rude are not relieved entirely, but only to the extent that their position has been made worse by the extension of the time of payment and by the increase of the prior lien. In other words, they are to be treated as though there had been no extension, and as though the prior mortgage remained at the original figure of $24,000. As the sum of $687.50 has been paid on the second mortgage, and the first mortgage has been increased by $3,000, the net result is to increase the total amount of the liens against the property $2,312.50, and this amount, with interest on the same, should be deducted from the deficiency, if any, resulting from the sale, and upon such balance only should the defendants named be adjudged personally liable.

Although these defendants have pleaded in their answers that the mortgaged premises were ample security for the amount of the bond and mortgage on the day they became due, and that since that time they have depreciated in value, there was no evidence given to .support those allegations, and consequently no relief can be given under that defense. I have not overlooked the argument made on behalf of the defendants that this is not a case of an extension merely, but also of an increase in the amount of the prior lien and a corresponding decrease in the security of the mortgage in suit; but I cannot see that this circumstance should be held to release the defendants wholly from their liability on the bond. In Murray v. Marshall, supra, 94 N. Y. at page 616, the Court of Appeals adverted to the fact that, in the case of an extension of the time of payment, not only might the land prove to be of less value at the end of the extended period than at the original maturity of the debt, but also that the latter might be increased by an accumulation of interest; but, notwithstanding such increase in the amount of the lien, complete exoneration was not accorded to the mortgagors.

The plaintiff is therefore entitled to judgment of foreclosure and sale, and adjudging that the defendants Rubinstein and Rude pay any deficiency which may remain after applying all the proceeds of the sale to the payment of the amount due on the bond and mortgage, together with the costs, interest, and expenses of the said sale, less the sum of $2,312.50 and interest thereon.

Requests for findings should be submitted, with proof of service, within five days after the publication of this memorandum.