NATIONAL FIDELITY LIFE INSURANCE COMPANY, APPELLANT, V. ORLIE A. GORDON ET AL., APPELLEES.

FILED JANUARY 7, 1936. No. 29440.

*Kennedy, Holland & DeLacy* and *Edson Smith,* for appellant.

*Gaines, McGilton, McLaughlin & Gaines, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and REDICK and KROGER, District Judges.

KROGER, District Judge.

This is an action brought by the plaintiff, appellant herein, to recover the balance due on a promissory note secured by a trust deed to lands in Logan county, Colorado.

In its amended petition, the plaintiff alleges that it is a Missouri corporation, and that the defendants are residents of Douglas county, Nebraska; that on December 31, 1926, the Grand Island Trust Company loaned defendants $4,500, and on that date defendants executed and delivered to the Grand Island Trust Company an instrument entitled "Real

Estate First Mortgage Coupon Bond" in the principal sum of $4,500, bearing interest at 6 per cent. per annum from January 1, 1927, signed by both defendants, the principal payable January 1, 1932; and that at the same time the defendants executed and delivered a trust deed to the public trustee of Logan county, Colorado, conveying to said trustee a certain section of land in Logan county, Colorado, as security for the real estate first mortgage coupon bond and the interest coupons. Said amended petition further pleaded the assignment of the note and trust deed to plaintiff, and the laws of Colorado applicable to trust deeds, and alleged default in the payment of interest due July 1, 1931, and that the property was sold by the public trustee for the sum of $3,500, which was applied on the indebtedness, leaving a balance due and owing plaintiff from the defendants of $1,504.57, for which sum plaintiff prayed judgment, with interest from January 5, 1932, and costs.

To this petition defendants, appellees herein, filed an answer admitting the execution of the real estate mortgage coupon bond, and denying each and every other allegation contained in the petition.

Trial was had to a jury and, at the conclusion of plaintiff's evidence, the court sustained defendants' motion for a directed verdict.

By competent evidence, plaintiff established the execution of the real estate first mortgage coupon bond, and plaintiff's testimony further showed that the sum of $3,500 had been paid on that obligation by the public trustee of Logan county, Colorado, as a result of the sale of the property located in Logan county, Colorado, under a trust deed. There was no evidence offered by plaintiff to prove the laws of Colorado as set out in its petition.

It is the contention of the appellees that, in the absence of proof to the contrary, the laws of Colorado will be presumed to be the same as those of Nebraska, and that, under the law of this state, when an instrument is given as security for the payment of money, it is a mortgage, whatever may be its form, and that the law of this state further pro-

vides that, after a petition has been filed to foreclose a mortgage, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court, and that the plaintiff in this action had failed to show that it had obtained leave of court to file this suit.

It is appellant's contention that section 20-2142, Comp. St. 1929, does not require the plaintiff to obtain leave of court to bring suit at law, where the note is secured by a trust deed to Colorado land to a public trustee in Colorado, where such trustee has sold the land without court proceedings and applied the proceeds to the note, as there is in fact no court from which such consent could be obtained.

As we view the facts, it is not necessary to a correct decision of this case for this court to interpret section 20-2142, *supra*. The contention of the appellees that the laws of Colorado, in the absence of proof to the contrary, will be presumed to be the same as those of Nebraska, is correct. *Stark v. Olsen*, 44 Neb. 646, 63 N. W. 37. In this case there was no such proof. That being true, then section 20-2139, Comp. St. 1929, will also be presumed to be the law of Colorado. This section provides: "All petitions for the foreclosure or satisfaction of mortgages shall be filed in the district court where the mortgaged premises are situated."

Plaintiff's pleadings and evidence clearly show that no action to foreclose the mortgage was filed in the district court for Logan county, Colorado, where the mortgaged premises were situated, and consequently it was not necessary for plaintiff to show that it had obtained leave of court to file the present suit.

The trial court erred in sustaining defendants' motion for a directed verdict.

REVERSED AND REMANDED.