542

G. E. PETTERS, APPELLANT, V. GORDON H. STORM, APPELLEE.
272 N. W. 409

FILED APRIL 8, 1937. No. 29860.

*George C. Porter*, for appellant.

*F. J. Reed, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE and CARTER, JJ., and ELDRED and CHASE, District Judges.

EBERLY, J.

This is an appeal from a judgment of the district court for Scotts Bluff county, Nebraska, in an action denying recovery on a promissory note executed by Gordon H. Storm, defendant, for the sum of $600, payable to the order of Petters & Company (a corporation) on the 1st day of November, 1930, and indorsed and transferred to plaintiff, G. E. Petters.

The facts constituting the transaction appear in the record as stipulated by the parties. These may be epitomized as follows:

On July 20, 1922, defendant made and delivered to Petters & Company his promissory note for $600 maturing on November 1, 1930, and on the same date secured the payment of said note by a first mortgage, executed by him to the payee of the note upon certain lands, which was immediately recorded. In the year 1928 Storm sold and conveyed by warranty deed the mortgaged lands to Rawhide Live Stock Company of Goshen county, Wyoming, subject to the mortgage securing the $600 note involved herein, the amount of the note being deducted from the purchase price

by the grantee. This deed was immediately recorded. Petters & Company thereupon sold, transferred and assigned this $600 note to plaintiff herein, who is now, and was at the time of trial, the owner and holder thereof. Plaintiff was at all times an officer in Petters & Company, and had actual knowledge of the facts constituting this transaction. With actual knowledge of the aforesaid conveyance from defendant to the Rawhide Live Stock Company and the surrounding facts and circumstances, plaintiff did, on or about February 7, 1933, enter into an agreement with said Rawhide Live Stock Company, a corporation, and record owner of said land mortgaged by defendant to secure the payment of the sum of $100 on the indebtedness evidenced by the $600 note and the real estate mortgage securing the same, wherein said Rawhide Live Stock Company agreed to pay and did pay the said sum of $100 to Petters & Company for a release of the $600 mortgage as to all lands described therein, being the lands purchased by it from Storm. Thereupon plaintiff caused to be executed and delivered to said Rawhide Live Stock Company a special satisfaction and release of the real estate mortgage securing the note now sued on in this action, which instrument was on February 7, 1933, duly recorded in the proper public records as provided by law. By the terms of this special satisfaction, it was directed, as to said real estate mortgage, that the same "be discharged upon the record thereof, according to the statute in such case provided, by the register of deeds of said county, without however, in any way affecting the obligation of said mortgagor to said mortgagee as evidenced by the certain promissory note dated July 20, 1922, in the principal amount of $600, excepting the amount of $100 to be paid upon surrender of this release, and which is hereby acknowledged."

It was further stipulated that the real estate covered by the mortgage thus released was at that time well and reasonably worth more than the amount of the encumbrance thereon.

The fact appears from the record that the instant case in-

volves a transaction which is made up of two written instruments executed at the same time. The original promissory note proclaims the fact, at its commencement, that it is "First Mortgage Note Secured by Real Estate," and, in the body of the same appears the recital, "This note is secured by first mortgage on real estate in Goshen county, Wyoming." The "First Mortgage Deed," executed contemporaneously, described the lands referred to as situated in Goshen county, Wyoming, the $600 note it is given to secure, and the nine interest coupons thereto attached. It appears that plaintiff at all times knew, or was actually chargeable with knowledge of, these facts.

Under these circumstances, this jurisdiction is committed to the view that, in the determination of the rights of the parties evidenced by the two written instruments above referred to, executed at the same time, the rule applicable is: "When executed together and as part of one transaction, a note and mortgage securing it are to be construed together and as one instrument." *Roblee v. Union Stock Yards Nat. Bank,* 69 Neb. 180, 95 N. W. 61. See, also, *Kendall v. Selby,* 66 Neb. 60, 92 N. W. 178. In the instant case, the rights of the parties must be determined in view of the provisions contained in both instruments.

As to the exact point presented by this appeal, the case is one of first impression in this jurisdiction. However, on principle it would seem, if the note and mortgage in suit can be construed together as one instrument, the rule applicable appears to be: "If, after a conveyance of the mortgaged property, the mortgagee releases part or all of the mortgage, without the consent of the mortgagor, the latter, according to the weight of authority, is discharged, wholly or at least to the value of the property released. (There is a difference of opinion, * * * whether the discharge is from all liability or only *pro tanto.*)" Annotation in 41 A. L. R. 306, following *Insley v. Webb,* 122 Wash. 98, 209 Pac. 1093.

The basic reasoning on which this rule rests is well outlined by the supreme court of California in *Woodward v.*

*Brown,* 119 Cal. 283, 51 Pac. 2, in the following language (appearing in annotation in 41 A. L. R. at page 307): "We cannot perceive upon what principle of equity or by what construction of this section it can be held that the mortgagee may, without the consent of the mortgagor, let go part of his security to a purchaser from the mortgagor, at less than its value, it may be, and then look to the mortgagor to make up the deficiency. It would be a gross injustice to the mortgagor to hold him liable for a deficiency which the mortgagee has, without the mortgagor's authority or consent, created. * * * The danger to the interests and rights of the mortgagor will at once be seen by supposing a not improbable case and one much like the one before us. The mortgagee, for reasons of his own, releases one after another of the mortgaged lots without consideration therefor or for a small consideration, thinking that he has retained enough out of which to realize on sale the amount of the debt. It turns out, through depreciation of values or other cause, that he miscalculated the value of his retained security and there was a deficiency after sale. Now there would have been no deficiency if he had not released a portion of his security. It would be clearly inequitable to hold the mortgagor in such case for any deficiency."

In *First Nat. Bank & Trust Co. v. Strong,* 112 Conn. 412, 152 Atl. 575, the action was one at law upon a promissory note. The facts in the case involved the same controlling principle that is presented in the instant case. The note in suit in the Connecticut case was secured by a real estate mortgage. The mortgaged property had been conveyed by the mortgagor, and certain of it had been released by the mortgagee without the consent of the mortgagor. It does not appear that the grantee had assumed the mortgage debt. In determining the controlling principle, applicable to the facts of our instant case, Banks, J., says in part: "A mortgagor who has conveyed his equity of redemption has a right to have the mortgaged property applied to the payment of the mortgage debt so far as necessary for his

protection against personal liability for the debt secured. 2 Jones, Mortgages (8th ed.) sec. 839. The mortgagee is not, however, obliged to tender an assignment of the mortgage security as a condition of recovery upon the note. *Barnes v. Upham,* 93 Conn. 491, 495, 107 Atl. 300. The mortgagor may justly complain if his personal liability upon the note is allowed to remain, while the means which he has provided for meeting it has been disposed of. But all that he would be entitled to, if the mortgage had not been released, would be the right to have it assigned to him, upon his payment of the debt, so that he may avail himself of such security as the mortgage affords in obtaining reimbursement. He has no right to insist that his liability is wholly discharged because the mortgagee releases the mortgage which is the security for the debt, unless the security was sufficient to have fully paid the debt. He is discharged only to the extent that he has been injured. *Worcester Mechanics Savings Bank v. Thayer,* 136 Mass. 459; *Norton v. Henry,* 67 Vt. 308, 31 Atl. 787; 2 Jones, Mortgages (8th ed.) sec. 839. It follows that the release of the mortgage by the mortgagee is not a bar to his action to recover upon the note from the mortgagor, but that the latter may, in such action, set off against the amount due on the note whatever damage he has suffered by reason of the loss of the security." See, also, *Crisman v. Lanterman,* 149 Cal. 647, 87 Pac. 89; *Meigs v. Tunnicliffe,* 214 Pa. St. 495, 63 Atl. 1019; *Assigned Estate of Hunter,* 257 Pa. St. 32, 101 Atl. 79; *Union Bank of Brooklyn v. Rubinstein,* 78 Misc. Rep. 461, 138 N. Y. Supp. 644 (affirmed in 216 N. Y. 766).

"A mortgagee who releases the mortgage to a grantee of the mortgagor, without the latter's consent, cannot hold such mortgagor personally liable for the debt." 41 C. J. 719. See, also, 41 C. J. 734.

In the instant case, the parties having stipulated that the real estate covered by the mortgage released by plaintiff was then well and reasonably worth more than the amount of the encumbrance, which included the amount due on the

note in suit, no recovery may be sustained against the defendant in any event. The question whether, on principle, such release operated as a discharge of the obligation as an entirety as a matter of law, or only *pro tanto*, need not be determined in view of the record before us, for following either rule in the instant case we arrive at the same conclusion.

It follows, therefore, that the disposition of this case as made by the trial court was in harmony with the principles herein announced, and its judgment is

AFFIRMED.