FEDERAL FARM MORTGAGE CORPORATION, APPELLEE, V. ELIZABETH T. CRAMB ET AL., APPELLANTS.

290 N. W. 440

FILED FEBRUARY 16, 1940. No. 30735.

*W. J. Moss* and *Melvin Moss,* for appellants.

*Hartigan & Skultety, Franklin L. Pierce, Philip M. Wellman* and *William W. Graham, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

PAINE, J.

This is an action at law upon a promissory note, in which the Federal Farm Mortgage Corporation asked judgment for $500, with interest thereon at 5 per cent. from April 15, 1938, together with costs. The defendants demurred to the plaintiff's petition, which demurrer was overruled, and the defendants electing to stand on their demurrer, judgment was entered in favor of the plaintiff and against the defendants. As will be seen by further statement of the facts, this resolves itself into an action at law for a judgment for the balance of a mortgage debt remaining unsatisfied after the foreclosure of the mortgage.

The action was commenced in the district court for Jefferson county on December 3, 1938, and the defendants were personally served with summons. The plaintiff, Federal Farm Mortgage Corporation, is a corporation duly organized under an act of congress known as the Federal Farm Mortgage Corporation Act (12 U. S. C. A. sec. 1020 *et seq.*). The principal place of business is in Washington, D. C. The land bank commissioner is an officer of the Farm Credit Administration, which is an executive and administrative agency of the United States government, which office was created by the Federal Farm Loan Act (12 U. S. C. A. sec. 653). This office was transferred from the Treasury Department to the Farm Credit Administration, and the name of the office was changed from farm loan commissioner to land bank commissioner (12 U. S. C. A. sec. 638-a). Additional statements about this federal set-up will be found set out at length in the opinion by Judge Rose, recently released, entitled *Federal Farm Mtg. Corporation v. Hughes,* ante, p. 454, 289 N. W. 866.

On July 23, 1935, the defendants secured a loan from the land bank commissioner, for which they gave their promissory note in the sum of $1,900, bearing 5 per cent. interest from September 18, 1935, and payable semiannually on the 1st day of April and October. The principal sum was payable on an amortization plan, in 20 equal instalments of $95 each, the first instalment being payable April 1, 1939,

the last payment to be due and payable October 1, 1948. To secure the payment of said note, the defendants gave a mortgage to the land bank commissioner, subject only to a prior mortgage in favor of the Federal Land Bank of Omaha in the principal sum of $5,500, bearing date July 23, 1935, and recorded in book 83, page 87, and the second mortgage given to the land bank commission under date of July 23, 1935, was filed for record August 15, 1935, and recorded in book 83, page 89, of the mortgage records of Jefferson county, Nebraska.

It is further alleged that said land bank commissioner made said loan in his own name, but on behalf of the plaintiff herein, the Federal Farm Mortgage Corporation, pursuant to an act of congress, found as amended in 12 U. S. C. A. sec. 1016-g, and that the plaintiff is, and ever since has been, the owner and holder of said note.

The defendants failed to pay the interest instalments, as provided by the terms of the note, and the plaintiff thereupon elected to exercise its option to declare the whole of the balance of the principal of said indebtedness to be due and payable in the amount of $2,030.63, the same covering the unpaid principal of $1,900, the interest instalment due April 1, 1936, and the interest instalment due October 1, 1936, each in the sum of $47.50, and the accrued interest to February 15, 1937, in the sum of $35.63, and the plaintiff on March 5, 1937, brought action to foreclose said mortgage.

On May 14, 1937, decree of foreclosure was entered, finding the amount due plaintiff $2,077.39, with interest at 5 per cent. from May 14, 1937. An order of sale being issued, said property was sold by the sheriff on March 21, 1938, for the sum of $1,725.03, and the sale was confirmed April 15, 1938. As said sale did not realize a sufficient amount to pay the amount found due the plaintiff on said note, this action at law was brought on the note, and the prayer of the petition is that the plaintiff, Federal Farm Mortgage Corporation, prays judgment against defendants in the sum of $500, with interest at 5 per cent. from April 15, 1938.

To this petition the defendants filed a demurrer December 24, 1938, on the following grounds: (1) That the court has no jurisdiction of the persons or the subject of the action; (2) that there is another action pending between the same parties for the same cause; (3) that the petition does not state facts sufficient to constitute a cause of action.

On April 19, 1939, the demurrer was argued and overruled. Defendants electing to stand upon their demurrer, cause came on for trial May 5, 1939; jury waived; trial to court; finding in favor of plaintiff, and judgment entered for $526, with 5 per cent. interest from date, from which judgment defendants appeal, and supersedeas bond given in the sum of $600.

The alleged errors of the trial court relied upon for reversal are in overruling the demurrer, and in assuming jurisdiction to enter a judgment in an action at law upon the note and mortgage which had been foreclosed and the property sold under an order of sale to satisfy the same. In support thereof, the defendants cite chapter 41, Laws 1933, which act purported to divest district courts of the power to enter a deficiency judgment in actions for the foreclosure of real estate mortgages. This act amended section 20-2141, Comp. St. 1929, to read: "When a petition shall be filed for the satisfaction of a mortgage, the court shall have the power only to decree and compel the delivery of the possession of the premises to the purchaser thereof." This act of 1933 was passed with an emergency clause, and took effect April 26, 1933, and the defendants contend that it applies to all mortgages executed after April 26, 1933.

To meet these contentions of the defendants, the plaintiff argues that chapter 41, Laws 1933, does not divest district courts of jurisdiction of actions at law for the recovery of the unpaid balance of a mortgage debt subsequent to the foreclosure of the mortgage. The plaintiff contends that chapter 41 has no force and effect with respect to actions at law.

In the case at bar, the mortgage had been foreclosed, the property had been sold, and the foreclosure proceedings had

in all respects been completed. The plaintiff thereafter proceeded under section 20-2142, Comp. St. 1929, which provides that no proceeding shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, *unless authorized by the court.* It is self-evident that an action at law is separate and distinct from a suit to foreclose a mortgage, and that chapter 41, Laws 1933, amends and repeals sections 20-2141 and 20-2143, Comp. St. 1929, but does not amend, nor purport to amend, section 20-2142; in fact, it left intact all of the provisions of the law with respect to actions at law on notes secured by mortgages. The plain provision of chapter 41 forbids a district court to enter a deficiency judgment in an equity action for the foreclosure of a real estate mortgage.

Section 20-2142, Comp. St. 1929, was section 848 of the Code in 1866 and thereafter. In Laws 1897, chapter 95 was introduced by Senator Beal, amending section 848 of the Code by striking out the last five words, to wit, *"unless authorized by the court,"* but in *Moore v. Neece,* 80 Neb. 600, 114 N. W. 767, filed January 23, 1908, it gave the entire history of chapter 95, Laws 1897, and held that, as the amendments to this Act had not been concurred in by the House in which the measure originated, and as such amendments were not receded from in the House in which they were made, therefore chapter 95 was held to be void, and the original law (Code, sec. 848) was in full force and effect.

In *Meehan v. First Nat. Bank of Fairfield,* 44 Neb. 213, 62 N. W. 490, it was held that it was not the intention of this law to allow two actions for one debt to be prosecuted concurrently, and that the creditor could bring an action in equity upon the mortgage, or could bring an action at law on the note, and that, having elected which means he will adopt, *"he must exhaust the remedy so chosen before resorting to the other."* It was held that an action at law on the note could not be brought during the pendency of, or after judgment in, foreclosure proceedings without leave having been obtained of the court having jurisdiction of the

action of foreclosure, and that such authorization of the court should be alleged by the plaintiff or his action could not be maintained.

When the mortgagee has foreclosed the property, the note is introduced in evidence, and becomes in a sense the property of the court, and the mortgagee must obtain leave of the court to withdraw it for the purpose of bringing suit. Therefore, if the foreclosure proceeding is entirely closed, and the mortgagee applies to the court to withdraw the note, and then is authorized by the court, he may proceed to bring suit on the note for the balance that is justly due and unpaid.

In the case at bar, in section 8 of the petition this application for withdrawal, and authority of the district court to bring suit, reads as follows: "And plaintiff has obtained leave of the District Court of Jefferson County, Nebraska, to withdraw said note from the file in said foreclosure action and to bring this action at law against the defendants for the balance remaining due thereon, with interest and costs." If such allegation had not appeared in the petition, it would be subject to demurrer. *Mann v. Burkland,* 68 Neb. 269, 94 N. W. 116; *Wolff v. Phelps,* 3 Neb. (Unof.) 511, 92 N. W. 143; *Armstrong v. Patterson,* 97 Neb. 229, 149 N. W. 408; *National Fidelity Life Ins. Co. v. Gordon,* 130 Neb. 130, 264 N. W. 155.

Equity jurisdiction ended with the confirmation of the sale and the issuance of the sheriff's deed. Then, when the district court grants the request to withdraw the note, and permits the bringing of an action at law, the court acquires unlimited jurisdiction to grant legal remedy, with no possibility of conflict, which the former statutory limitation was designed to prevent.

Section 14, art. III of the Constitution, provides: "And no law shall be amended unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed."

The purpose of chapter 41, Laws 1933, is to divest district courts of power to enter deficiency judgments in mort-

gage foreclosure actions, and to amend sections 20-2141 and 20-2143, but in this chapter there is no reference, directly or indirectly, to section 20-2142.

The defendants contend that, where instruments are executed at the same time, for the same purpose, and in the course of the same transaction, they are to be construed as one instrument, and that a note and a mortgage securing it, made contemporaneously, are to be construed together as one contract.

In 3 R. C. L. 870, sec. 54, it is said: "But construing together simply means that, if there be any provisions in one instrument limiting, explaining, or otherwise affecting the provisions of another, they will be given effect as between the parties themselves and all persons charged with notice, so that the intent of the parties may be carried out, and the whole agreement actually made may be effectuated."

Somewhat in point is the case of *Petters v. Storm*, 132 Neb. 542, 272 N. W. 409, which holds that a mortgagor has no right to insist that his liability is wholly discharged because the mortgagee releases the mortgage, unless the security was sufficient to have fully paid the debt. See *Grable v. Beatty*, 56 Neb. 642, 77 N. W. 49.

We have examined all of the assignments of error without finding prejudicial error in the overruling of the demurrer and entry of the judgment by the trial court, and the said judgment is hereby

AFFIRMED.

MESSMORE, J., not participating.